**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**David PARKS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 2, 2001.
Filed Feb. 23, 2001.

---

Jeffrey A. Kubay, Pittsburgh, for appellant.

John C. Pettit, Asst. Dist. Atty., Washington, for Com., appellee.

Before DEL SOLE, J., CERCONE, President Judge Emeritus, and HESTER, J.

CERCONE, President Judge Emeritus:

¶ 1 Appellant appeals from the judgment of sentence of imposed by the Trial Court after his failure to appear for a trial *de novo*. After review, we vacate the judgment of sentence and remand for further proceedings.

¶ 2 Appellant was charged by citation with a violation of the Vehicle Manufacturers, Dealers and Salespersons Act, 63 P.S. § 818.19(22), as a result of his alleged failure to remit sales taxes in the amount of $48.00 in connection with his sale of a vehicle for $800.00.[1] On July 14, 1999

---

1. A provision of the act, 63 P.S. 818.4(5), authorizes any law enforcement officer to is-

after a hearing, a District Magistrate found Appellant guilty of violating 63 P.S. § 818.9(7) and ordered him to pay a fine of $1,039.00. Appellant filed a timely *pro se* notice of appeal for a trial *de novo* in the Washington County Court of Common Pleas.[2]

¶ 3 A trial *de novo* was scheduled for November 18th, 1999 before a judge of the Court of Common Pleas of Washington County. However, prior to this date, the Trial Judge issued an order, docketed November 16th 1999, continuing the case until 10:30 a.m. January 4, 2000, because the prosecutor would be unavailable due to a trip out of town. *See* Order of Trial Court, docket entry 9. The certified copy of the docket entries in this matter does not reflect that a copy of this order was ever provided to Appellant by the Washington County Clerk of Courts. Appellant, through counsel, avers in his brief filed in this matter that he appeared in court on November 18, 1999 and was informed that the hearing was continued and that he would be notified of the new hearing date. Appellant's Brief at 5. Appellant avers that he was never notified of the rescheduled hearing date.

¶ 4 By contrast, the Commonwealth claims that on November 18, 1999 it made a request to continue the hearing for cause which was granted by the Trial Court. Commonwealth's Brief at 2. The Commonwealth maintains: "The Court orally directed the Commonwealth to obtain a new trial date and notify the parties accordingly. The matters concerning rescheduling are not, therefore, of record and are not contained in the docket transcripts of the Clerk of Courts." *Id.* The Commonwealth further avers that it later attempted to provide notice of the rescheduled hearing by certified mail at an address of Appellant provided by "Appellant's friend." *Id.* However the Commonwealth alleges that the letter was returned as refused, and another letter sent

to Appellant's address of record was returned as unclaimed. *Id.*

¶ 5 On January 4, 2000, when the case was called to be heard, Appellant was not present. Appellant was convicted in absentia and sentenced to pay a fine of $1,000.00. Judgment of sentence was entered on the docket January 28, 2000. Appellant, through counsel, filed a timely notice of appeal on February 3, 2000.

¶ 6 On this same date, the Trial Court docketed an order requiring Appellant to file a concise statement of maters complained of on appeal, pursuant to Pa.R.A.P 1925, within fourteen (14) days after the entry of the order. Once again, the certified copy of the docket entries in this matter does not reflect that a copy of this order was provided to Appellant or to his counsel of record by the Clerk of Courts.

¶ 7 Appellant's counsel avers that he did not receive a copy of this order until March 7, 2000 since the order was originally sent to his prior business address in Butler County. *See* Concise Statement of Matters Complained of on Appeal, filed 3/15/2000, at 2. After receiving the order, Appellant filed a comprehensive statement of matters complained of on appeal on March 15, 2000. The Trial Court subsequently filed a brief opinion later that same day in which it claimed that it could not review any of the issues raised in Appellant's Rule 1925(b) Statement, since "the defendant had failed to put this Court on notice as to what issues are now complained of." Trial Court Opinion, filed 3/15/2000.

¶ 8 On appeal to our Court, Appellant presents one issue for our consideration:

WHETHER THE TRIAL COURT DENIED APPELLANT DUE PROCESS WHEN HE WAS CONVICTED OF CERTAIN SUMMARY OFFENSES UPON HIS FAILURE TO APPEAR AT HIS SUMMARY APPEAL HEAR-

sue citations for violations of the act.

**2.** Appellant provided his mailing address on the appeal form.

ING WHERE HE WAS NOT NOTI-FIED OF THE RESCHEDULED DATE OF SAID HEARING.

Appellant's Brief at 4.

■ ¶ 9 Our standard of review of a trial court's adjudication entered following a *de novo* trial on a summary offense is limited to whether the trial court committed an error of law and whether the findings of the trial court are supported by competent evidence. *Commonwealth v. Askins*, 761 A.2d 601, 603 (Pa.Super.2000). The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion. *Id.* "An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will." *Commonwealth v. Holder*, 2001 PA SUPER 5, ¶ 4, 765 A.2d 1156 (2001). After review of the certified record in this matter, we must agree with Appellant that his fundamental due process right to notice of the date of his rescheduled trial *de novo* was abridged, since it is quite clear that Appellant was not provided with a copy of the rescheduling order in the manner required by our Rules of Criminal Procedure.

■ ¶ 10 Pennsylvania Rule of Criminal Procedure 9025 specifically provides as follows:

> Upon receipt of an order from a judge, the clerk of courts shall immediately docket the order and record in the docket the date it was made. **The clerk shall forthwith furnish a copy of the order, by mail or personal delivery, to each party or attorney, and shall record in the docket the time and manner thereof.**

Pa.R.Crim.P. 9025 (emphasis supplied). As our Supreme Court has made abundantly plain: "[T]he Clerk of Courts has a mandatory duty [under this rule], to furnish a copy of orders by mail or personal delivery to each party or attorney." *Com-*

*monwealth v. Baker*, 547 Pa. 214, 222, 690 A.2d 164, 167 (1997). As our Court has also very recently reminded: "In a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, *furnishes a copy of the order to the parties, and records the time and manner of notice on the docket.*" *Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa.Super.2000) (emphasis supplied), citing Rule 9025.

■ ¶ 11 In the case *sub judice*, there was no recorded notation on the docket which would indicate that the Clerk of Courts of Washington County ever furnished Appellant or his counsel of record a copy of the Trial Court's order of February 3, 2000 directing Appellant's counsel to file a statement of matters complained of on appeal. Thus, due to this obvious non-compliance with the express mandates of Rule 9025, we decline to find Appellant's issue waived, pursuant to *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), which held that any issues not raised in a 1925(b) statement will be deemed waived. Absent a formal docket entry detailing the manner of notice, there is nothing to suggest that Appellant's counsel was properly provided by the Clerk of Courts, in a timely fashion, a copy of the Trial Court's order requiring him to file a Rule 1925(b) statement. Counsel avers that he could not punctually comply with the order since it was erroneously sent to his prior business address. Based on the certified record before us, we have no reason to doubt this averment. Moreover, it is plain that counsel did make a good faith effort to specifically comply with the fourteen (14) day time period set by the Trial Court's order, since he filed his comprehensive Rule 1925(b) statement on March 15, 2000, eight (8) days after the date on which he finally received the order. Thus, counsel's failure to comply with the Trial Court's order within fourteen (14) days of its docketing was obviously due, in this instance, to a breakdown of the court system and not due to willful neglect or negligence. *See also Commonwealth v. Phinn*, 761 A.2d

176, 178 (Pa.Super.2000) (where no docket notation from the clerk of courts existed to show that trial court's order directing Commonwealth to file statement pursuant to Pa.R.A.P.1925 within 14 days was ever furnished to Commonwealth, date of order could not be fixed with certainty, thus there was no waiver of appellate issues under *Lord*, since there was no basis for our Court to conclude that the Commonwealth failed to comply with the order within the 14 day time period).

 ¶ 12 It is for these same reasons that we are also compelled to grant Appellant a new trial *de novo*. Once more, the docket simply does not reflect that a copy of the Trial Court's written order of November 16, 1999, rescheduling the trial *de novo*, was provided to Appellant by the Clerk of Courts, as required by Pa. R.Crim.P. 9025. This incontrovertible circumstance the Commonwealth acknowledges, via its explicit concession that matters concerning rescheduling "are not contained in the docket transcripts of the Clerk of Courts." Commonwealth's Brief, *supra*, at 5. The fact that the Commonwealth avers that it provided notice of the new hearing date by certified mail to the Appellant makes absolutely no difference. It is not the duty of the Commonwealth to provide a defendant with a copy of a written court order rescheduling a hearing, but rather it is the exclusive duty of the Clerk of Courts. *Baker, supra*.[3]

 ¶ 13 As Appellant suggests, fundamental procedural due process in our system of jurisprudence embodies the bedrock principle that each participant in the adjudicative process be given adequate notice and the opportunity to be heard. *See e.g. Commonwealth v. Fahy*, 558 Pa. 313, 325, 737 A.2d 214, 220 (1999) ("Procedural due process requires, at its core, adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and

impartial tribunal having jurisdiction over the case."). Moreover, "[a]dequate and timely notice to the accused of court proceedings is fundamental to the constitutionally guaranteed right to a fair trial." *Commonwealth v. Hollerbush*, 298 Pa.Super. 397, 444 A.2d 1235, 1239 (1982). Rule 9025 establishes a uniform procedure for providing adequate notice of every trial court order issued during the course of criminal prosecutions. Clearly then, it is of paramount importance that notice of a written order, which reschedules a defendant's trial, be given in strict accordance with this rule. Because Appellant was not provided notice of the order of the Trial Court rescheduling his trial *de novo*, in the manner specifically provided for by this rule, we are compelled to vacate and remand for a new trial *de novo*.

¶ 14 Accordingly, the judgment of sentence is hereby vacated. Case is remanded for a new trial. Jurisdiction relinquished.

---

3. We note that Rule of Criminal Procedure 9024(b) allows the Trial Court to provide oral notice, on the record in open court, to a defendant of a pending criminal proceeding.

However, no such notice of the rescheduled hearing was given by the Trial Court in this case.