J-A07027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID FINK | |
| Appellant | No. 1431 WDA 2016 |

Appeal from the Judgment of Sentence entered September 26, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-SA-0001452-2016  TR 624-2016

BEFORE:  OLSON, STABILE, and STRASSBURGER, JJ.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 08, 2017**

Appellant, David Fink, appeals *pro se* from the judgment of sentence entered on September 26, 2016 following a trial *de novo* before the Allegheny County Court of Common Pleas.  Upon review, we affirm.

The underlying facts and procedural history are undisputed.  The trial court adequately summarized both the facts and the procedural history. Trial Court Opinion, 10/28/16, at 1-2.  Briefly, at the *de novo* trial, Sergeant Matthew DeLallo of the Brentwood Borough Police Department stopped Appellant after seeing him traveling through a steady red light, in violation of 75 Pa.C.S.A. § 3112.[1]  At the conclusion of trial, Appellant was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Section 3112, in relevant part, provides:

*(Footnote Continued Next Page)*

adjudicated guilty and ordered to pay a $25 fine, in addition to court costs. This appeal followed.

On appeal, Appellant raises two issues: (i) the trial court prevented him from presenting evidence; (ii) the evidence offered by the Commonwealth at the *de novo* trial was insufficient to support his conviction of violating 75 Pa.C.S.A. § 3112(a)(3)(i) (relating to traffic-control signals, steady red indication). We find that relief must be denied.

In ***Commonwealth v. Marizzaldi***, 814 A.2d 249 (Pa. Super. 2002), this Court held:

> Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence. ***Commonwealth v. Lutes***, 793 A.2d 949 (Pa. Super. 2002). "The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Parks***, 768 A.2d 1168, 1171 (Pa. Super. 2001).

***Id.*** at 251.

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

> (i) Vehicular traffic facing a steady red signal alone shall stop at a clearly marked stop line, or if none, before entering the crosswalk on the near side of the intersection, or if none, then before entering the intersection and shall remain standing until an indication to proceed is shown except as provided in subparagraph (ii) [not applicable here].

75 Pa.C.S.A. § 3112(a)(3)(i).

Regarding Appellant's first claim (*i.e.*, the trial court prevented Appellant from presenting evidence), we note that upon the Commonwealth finishing questioning its main witness (Sergeant DeLallo), the trial court offered Appellant the opportunity to cross-examine the witness.[2] Appellant repeatedly declined to do so. N.T. Summary Appeal, 9/26/16, at 6-7. Rather Appellant attempted to introduce a Google map. *Id.* at 7. The trial court informed Appellant that he could proceed with the introduction of the evidence if he could it do properly. *Id.* After a few unsuccessful attempts, Appellant declined to proceed any further with the introduction of the map. *Id.* at 8. Finally, the trial court asked Appellant to make an argument in response to the evidence offered by the Commonwealth; Appellant declined. *Id.* Appellant, therefore, had the opportunity to make his case but decided not to do so. It seems, therefore, Appellant is simply unhappy with the trial court's unwillingness to give him, as a *pro se* litigant, a free pass on complying with the rules of evidence. Despite the trial court's willingness to help Appellant make his case, the trial court is not Appellant's counsel **See Commonwealth v. Blakeney**, 108 A.3d 739, 766 ("*pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become

_____

[2] The witness testified that he saw Appellant run through a red light. N.T. Summary Appeal, 9/26/16, at 6. As noted *infra*, Appellant did not challenge the testimony of the officer.

a litigant's counsel"). Therefore, the trial court did not err or abuse its discretion in holding Appellant to the rules of evidence.

Regarding Appellant's second claim (*i.e.*, sufficiency of the evidence), we note that: 1) Appellant did not challenge in any form the Commonwealth's version of the facts, *see* N.T. Summary Appeal, 9/26/16 at 6-8; *see also* Trial Court Opinion, 10/28/16, at 2 (Appellant "did not cross [the Commonwealth witness] nor offer any testimony"); 2) the trial court believed the Commonwealth's version of the facts, Trial Court Opinion, 10/28/16, at 2 (the trial court "found the testimony of [the Commonwealth witness] to be credible"); and 3) the evidence proffered was legally sufficient to prove the crime of which Appellant was found guilty as charged, *see* N.T. Summary Appeal, 9/26/16 at 4-6; *see also* Trial Court Opinion, 10/28/16, at 2 ("The uncontroverted testimony presented at the hearing satisfied the Commonwealth's burden of proving that [Appellant] drove his vehicle through the steady red traffic signal").

Upon review, therefore, we conclude that no error of law has been committed and that the findings of fact are supported by competent evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/8/2017