J-S77034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINIQUE JOACHIN | : | |
| | : | No. 863 MDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence May 17, 2017
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-SA-0000088-2016

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED DECEMBER 01, 2017**

Appellant Dominique Joachin appeals the disposition and sentence entered in the Court of Common Pleas of Berks County following the trial court's dismissal of his summary appeal on May 17, 2017.  For the reasons that follow, we quash the appeal.

On November 24, 2015, Appellant received summary traffic citations for failing to carry and exhibit a driver's license on demand and speeding.[1]  On January 20, 2016,  Appellant was adjudged guilty of those offenses *in absentia* by a Magisterial District Judge when he failed to appear for his summary trial. On March 3, 2016, Appellant untimely filed his *pro se* "Notice of Appeal from Summary Criminal Conviction" in the Court of Common Pleas of Berks County.

---

[1]75 Pa.C.S.A. §§ 1511(a), 3362(a).

---

*   Former Justice specially assigned to the Superior Court.

In its Order entered on April 18, 2016, the trial court scheduled a *de novo* Summary Appeal Hearing for June 9, 2016. That hearing was later continued to September 14, 2016, although Appellant again failed to appear. As a result, the trial court dismissed his appeal and entered a guilty verdict.

In its Order entered on April 18, 2017, the trial court determined Appellant had not received proper notice of his summary appeal hearing date, vacated the Order of September 14, 2016, dismissing the same, and relisted the matter for a trial *de novo* May 19, 2017. That Summary Appeal Hearing was held on May 17, 2017, at which time Appellant was present.

Officer Brian Strand appeared at the hearing with copies of the original traffic citations and indicated he had handed Appellant those citations on November 24, 2015. N.T. Hearing, 5/17/17, at 3, 10. Notwithstanding, Appellant maintained he never received copies of the citations or notice of any of the previously scheduled hearings. *Id*. at 4-8. Appellant further argued he was suffering from a concussion on the night in question and had been out of the country at the time of his previous hearings due to his work as a minister. *Id*. at 3-5. Appellant also challenged the trial court's jurisdiction to hear the matter. *Id*. at 7-8. Ultimately, the trial court granted the Commonwealth's motion to dismiss the appeal and notified Appellant of his appellate rights. *Id*. at 10.

On May 26, 2017, Appellant filed a timely notice of appeal. On June 6, 2017, the trial court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). In its Rule 1925(a)

Opinion, the trial court indicated Appellant had failed to comply with its Rule 1925 Order and had not requested an extension of time in which to file the same.[2] Due to Appellant's failure to file a concise statement, the trial court found any issues he may have raised on appeal to be waived.

Although Appellant filed an appellate brief with this Court, he has not presented a clear statement of the questions involved. Instead, he filed what he titles "Points on Appeal" which reads as follows:

> The trial court erred in its decision because it failed to applies [sic] the facts to the elements of the statute(s) as clearly established in the legislature because the decision(s) was not supported by substantial evidence or against the weight of the evidence in that trial court.
>
> The statute of "42 Pa.C.S. § 5103(a). Rule 302.2 is also derived in part from Pa.R.C.P. No. 213(f) (authorizing transfer of actions for lack of subject matter jurisdiction).".
>
> The magisterial district court shall transfer the action at the cost of the plaintiff to the court of appropriate jurisdiction.

Appellant's Brief at 5.

Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence. ***Commonwealth v. Lutes***, 793 A.2d 949, 958 (Pa.Super. 2002). "The adjudication of the trial court will not be disturbed on

---

[2] Our review of the record confirms that no concise statement was filed.

appeal absent a manifest abuse of discretion." ***Commonwealth v. Parks***, 768 A.2d 1168, 1171 (Pa.Super. 2001).

Before we reach the merits of the instant appeal, we first must determine whether Appellant properly has preserved any claims for our review. As the trial court found, Appellant failed to comply with Pa.R.A.P. 1925(b). Failure to file a concise statement when ordered by the trial court results in a waiver of issues on appeal. ***Commonwealth v. Zingarelli***, 839 A.2d 1064, 1075 (Pa.Super. 2003) (citing ***Commonwealth v. Lord***, 553 Pa. 415, 719 A.2d 306, 309 (1998)). In order to preserve his claims for appellate review, an appellant must comply whenever the trial court orders him to file a statement of matters complained of on appeal pursuant to Rule 1925, and any issues not raised in a Rule 1925(b) statement will be deemed waived. ***Commonwealth v. Hill***, 609 Pa. 410, 427, 16 A.3d 484, 494 (2011).

In its June 6, 2016, Order the trial court directed Appellant to file a Rule 1925(b) statement within twenty-one days and specified that "[a]ny issue not included in a timely filed and served Statement of Errors Complained of [o]n Appeal shall be deemed waived." Because the trial court properly ordered Appellant to file a concise statement of matters complained of on appeal under Rule 1925(b), Appellant's failure to do so results in the automatic waiver of his claims. ***See Lord***; ***Hill***, ***supra***.

Alternatively, Appellant's appeal must be quashed due to the substantial defects in his appellate brief which greatly impair our ability to conduct

meaningful appellate review. Appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101; ***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa.Super. 2003). Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. ***Id.***

The Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief as follows:

**Rule 2111. Brief of the Appellant**

**(a) General Rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:
(1) Statement of jurisdiction.
(2) Order or other determination in question.
(3) Statement of both the scope of review and the standard of review.
(4) Statement of the questions involved.
(5) Statement of the case.
(6) Summary of argument.
(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.
(8) Argument for Appellant.
(9) A short conclusion stating the precise relief sought.
(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.
(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111(a). More specifically, Rule 2116 entitled "Statement of Questions Involved" states:

> **(a)** **General rule.** The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. **No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby**. …

Pa.R.A.P. 2116(a) (emphasis added). The omission of a statement of the questions involved is particularly grievous because it defines the specific issues this Court is asked to review. *Commonwealth v. Maris*, 629 A.2d 1014, 1016 (Pa.Super. 1993).

Appellant's brief falls well below the standard delineated in the Rules of Appellate Procedure. His discourse is rambling and often indecipherable. To the extent the brief may contain an argument, it lacks the necessary citations to the record or to relevant legal authority. *See* Pa.R.A.P. 2119(a); *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa.Super. 2007), *appeal denied*, 940 A.2d 362 (Pa. 2008) (stating it is an appellant's duty to present arguments sufficiently developed for our review and supported with references to the record and citation to legal authorities). Most importantly, Appellant fails to include in his brief a statement of questions involved *See* Pa.R.A.P. 2116(a); *Maris, supra*. Therefore, Appellant has waived all issues on appeal for this reason as well. *See* Pa.R.A.P. 2101; *Lyons, supra*.

Accordingly, we quash this appeal for Appellant's failure to file a timely Rule 1925(b) statement and substantial failure to comply with the Pennsylvania Rules of Appellate Procedure.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2017