J-S18019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
FRANCIS CARR :
:
Appellant : No. 1755 MDA 2018

Appeal from the Judgment of Sentence Entered September 6, 2018
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0002263-2016

BEFORE: BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED: MAY 22, 2019**

Appellant Francis Carr appeals from the judgment of sentence imposed following his bench trial convictions for two counts of driving under the influence of controlled substances (DUI) and one count of the summary vehicle offense of general lighting requirements.[1] Appellant argues that the trial court erroneously dismissed his omnibus pretrial motion as untimely filed. We are constrained to vacate the judgment of sentence and remand for a hearing on Appellant's omnibus pretrial motion.

During the early morning hours of July 2, 2016, Officer William Curilla observed Appellant driving a vehicle with an inoperative brake light. Officer Curilla initiated a traffic stop, approached Appellant's vehicle, and requested

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(d)(1)(ii), (2), 4303(b), respectively.

Appellant's license, registration, and insurance. Appellant, who appeared nervous and fidgety, could only supply the insurance information.

During their interaction, Officer Curilla noticed a faint odor of marijuana and observed that Appellant's eyes appeared to be bloodshot. Officer Curilla asked Appellant if he would submit to field sobriety tests, which Appellant agreed to perform. Appellant failed the field sobriety tests, and Officer Curilla took him into custody on suspicion of DUI. Officer Curilla transported Appellant to a hospital for blood testing. Upon arriving at the hospital, Officer Curilla provided implied consent warnings, and Appellant agreed to have his blood drawn. Appellant subsequently tested positive for multiple controlled substances.[2]

The Commonwealth filed a criminal complaint on August 25, 2016, and Appellant appeared for a preliminary hearing on November 15, 2016. Although the court advised Appellant of his right to apply for assignment of counsel, Appellant did not request a public defender and proceeded *pro se*. *See* Criminal Docket, printed 11/16/16, at 1. On March 13, 2017, the Commonwealth filed a criminal information. That same day, the trial court

---

[2] The certified record includes Appellant's toxicology report, which was prepared by a private laboratory. The report, dated August 1, 2016, confirmed the presence of amphetamine (6 ng/mL), methamphetamine (77 ng/mL), clonazepam (40 ng/mL), and 7-amino clonazepam (88 ng/mL) in Appellant's system. *See* Post-Trial Mot., 9/14/18, at Ex. A. The report also stated, "[u]nless alternate arrangements are made by you, the remainder of the submitted specimens will be discarded six (6) weeks from the date of this report . . . ." *Id.*

issued a notice that it had scheduled Appellant's arraignment for March 23, 2017.

The clerk of courts sent the notice, via U.S. mail, to Appellant at an address in Drums, Pennsylvania. This was the same address listed on the docket and the criminal complaint. *See* Criminal Complaint, 8/25/16, at 1; Criminal Docket, printed 11/16/16, at 1. The postal service, however, returned the notice to the clerk of courts. The envelope with the notice included a label stating, "Return to Sender," and "Carr, Francis Moved Left No Address."[3]

On March 23, 2017, Appellant failed to appear for his arraignment. At that time, the trial court announced that Appellant's thirty-day period for filing pretrial motions would begin, regardless of Appellant's failure to appear. *See* N.T. Arraignment, 3/23/17, at 2-3. On March 29, 2017, the court issued a bench warrant for Appellant's arrest.

On June 12, 2017, the trial court entered an order lifting the bench warrant and reinstating bail. The order stated, "1) [Appellant] shall reside at B 149 Foster Ave., Freeland, PA 18224 and shall not relocate without prior approval of [t]he [c]ourt. 2) [Appellant] shall notify the Clerk of Courts and the District Attorney of any change of address." Order, 6/12/17. The record contains no further explanation regarding Appellant's failure to appear at the

_____

[3] The clerk of courts docketed the returned arraignment notice and envelope on May 4, 2017, and they are included in the certified record.

March 23, 2017 arraignment or the circumstances surrounding the court's decision to lift the bench warrant.

Thereafter, the trial court scheduled trial for the August 2017 term. On August 14, 2017, Appellant filed a *pro se* motion for continuance, claiming he needed additional time to obtain counsel. The court granted Appellant's motion and continued the matter until November 3, 2017. On October 30, 2017, trial counsel entered his appearance on Appellant's behalf. That same day, Appellant filed a counseled motion for continuance to obtain and review discovery. The court granted Appellant's continuance motion.

On January 29, 2018, Appellant filed an omnibus pretrial motion. Appellant's filing included a petition for a writ of *habeas corpus*. Appellant also included a motion to suppress all evidence relating to the blood tests. Specifically, Appellant claimed that the Commonwealth failed to preserve his blood samples, thereby depriving him of the opportunity to examine the Commonwealth's evidence. On January 31, 2018, the trial court dismissed Appellant's omnibus pretrial motion as untimely filed.

On July 16, 2018, Appellant filed another omnibus pretrial motion, including a discussion of the timeliness requirements of Pa.R.Crim.P. 579. Appellant asked the trial court to treat the omnibus pretrial motion as timely filed, because "the prescribed time for filing said motions expired when [Appellant] was representing himself and not aware of what defenses were available. In addition, new facts regarding the status of the blood evidence in this case did not become known until more recently." Omnibus Pretrial Mot.,

7/16/18, at 3 (unpaginated). The trial court declined to consider the re-filed omnibus pretrial motion.[4]

Following a bench trial, the trial court found Appellant guilty of two counts of DUI and the summary vehicle offense of no rear lighting. On September 6, 2018, the court sentenced Appellant to seventy-two hours to six months' imprisonment. The court also granted Appellant immediate parole upon completion of the minimum sentence.

Appellant timely filed post-sentence motions on September 14, 2018. Among other things, Appellant again argued that the trial court should have addressed the merits of his omnibus pretrial motion. The trial court denied Appellant's post-sentence motion on September 24, 2018.

Appellant timely filed a notice of appeal, and the trial court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant did not comply with the Rule 1925(b) order, but the court still filed a Rule 1925(a) opinion to address the claims raised in Appellant's post-sentence motions. Regarding Appellant's omnibus pretrial motion, the court emphasized that "[n]othing in [Appellant's] motion reflects that the opportunity to file the motion within the required time did not exist, or the

---

[4] We note that one jurist entered the January 31, 2018 order dismissing Appellant's omnibus pretrial motion as untimely filed, and a second jurist presided over Appellant's bench trial and declined to consider the re-filed omnibus pretrial motion.

interest of justice would require [the trial c]ourt to accept the untimely [pretrial] motion."[5]  Trial Ct. Op., 12/20/18, at 4.

Appellant now raises one issue for our review:

Whether this trial court erred in denying Appellant's pretrial motion(s) as untimely when they clearly fell within an . . . exception to the applicable rule?

Appellant's Brief at 5.

Appellant contends he proceeded *pro se* during the initial portion of his case, including the thirty-day period following his arraignment.  *Id.* at 15.  Appellant asserts that he is a layman in the law, who was unaware of the defenses and grounds for relief that he could have raised in an omnibus pretrial motion.  *Id.*  Assuming he should have been aware of such legal arguments, Appellant claims "sufficient facts necessary to raise [the] arguments did not become available until after trial counsel was retained . . . ."  *Id.*  Based upon the foregoing, Appellant concludes the trial court should have addressed the merits of the issues raised in his omnibus pretrial motion. *Id.* at 16.

The standard of review for a trial court's dismissal of a petition for writ of *habeas corpus* or a motion to suppress as untimely is abuse of discretion.

---

[5] "If an appellant in a criminal case was ordered to file a [Rule 1925(b)] Statement and failed to do so, . . . the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge."  Pa.R.A.P. 1925(c)(3).  Here, trial counsel failed to comply with the order directing the filing of a Rule 1925(b) statement. Nevertheless, we decline to remand the matter in light of the trial court's filing of a Rule 1925(a) opinion that addresses the issue Appellant raises on appeal. *See Commonwealth v. Thompson*, 39 A.3d 335, 340 (Pa. Super. 2012).

*See Rivera v. Pa. Dept. of Corrections*, 837 A.2d 525, 528 (Pa. Super. 2003) (providing the standard of review for an order denying a petition for writ of *habeas corpus*); *Commonwealth v. Long*, 753 A.2d 272, 279 (Pa. Super. 2000) (explaining that a defendant must file a suppression motion prior to trial, unless the opportunity did not previously exist or the interests of justice otherwise require; whether the opportunity did not previously exist or the interests of justice otherwise require are matters for the discretion of the trial judge).

"Unless otherwise required in the interests of justice, all pretrial requests for relief shall be included in one omnibus motion." Pa.R.Crim.P. 578. Rule 579 sets forth the timeliness requirements for omnibus pretrial motions as follows:

**Rule 579. Time for Omnibus Pretrial Motion and Service**

(A) Except as otherwise provided in these rules, the omnibus pretrial motion for relief shall be filed and served within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown.

\* \* \*

*Comment:* Contemplated within the concept of cause shown is a finding by the court that discovery has not been completed, or a bill of particulars has not been furnished, or that contested motions for discovery or for a bill of particulars are pending. "Arraignment" for purposes of this rule also means any proceeding held in lieu of arraignment in accordance with local rule, as permitted under Rule 571. This rule is not intended to preclude the filing by any party of a motion prior to arraignment when

- 7 -

circumstances necessitate such a motion and when otherwise not precluded by rule or by law.

Pa.R.Crim.P. 579(A). ***See also Commonwealth v. Borovichka***, 18 A.3d 1242, 1248 (Pa. Super. 2011) (explaining that the defendant's untimely presentation of a suppression claim, relating to the destruction of blood samples, resulted in waiver where defense counsel did not offer any reason why the claim was not raised in a timely fashion and none of the Rule 579(A) exceptions applied).

Instantly, the trial court dismissed Appellant's omnibus pretrial motion as untimely, emphasizing that Appellant "was a fugitive from justice for three months after he failed to attend court for his arraignment on March 23, 2017, and therefore [Appellant] should not be allowed to file an untimely [pretrial] motion." Trial Ct. Op. at 4. Significantly, the court ignored the fact that Appellant may not have actually received notice of the arraignment date, because the notice was returned to the clerk of courts as described herein. Additionally, the record contains no further explanation regarding Appellant's failure to appear at the March 23, 2017 arraignment or the circumstances surrounding the court's decision to lift the bench warrant.

We conclude that Appellant's failure to receive notice of the arraignment date constitutes a breakdown in court operations. ***See Commonwealth v. Parks***, 768 A.2d 1168, 1172 (Pa. Super. 2001) (reiterating that "adequate and timely notice to the accused of court proceedings is fundamental to the constitutionally guaranteed right to a fair trial"). Such a breakdown amounts to "cause shown" for an extension of the deadline for filing an omnibus pretrial

motion.  *See* Pa.R.Crim.P. 579(A).  Under these circumstances, we conclude that the interests of justice required that the trial court consider the merits of Appellant's omnibus pretrial motion, and the dismissal of the motion as untimely was an abuse of the court's discretion.  *See Rivera*, 837 A.2d at 528; *Long*, 753 A.2d at 279.

Accordingly, we vacate the judgment of sentence and remand the case for the trial court to conduct a hearing limited to the issues presented in Appellant's omnibus pretrial motions filed on January 29, 2018 and re-filed on July 16, 2018.  If the trial court determines that the omnibus pretrial motions raise meritorious issues, it may grant additional relief.  If the court determines that the omnibus pretrial motions are meritless, the court may re-impose the original judgment of sentence.

Judgment of sentence vacated.  Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/22/2019

- 9 -