J-S31040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRED L. BAUMGARTNER | : | |
| | : | |
| Appellant | : | No. 734 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 2, 2022
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-SA-0000063-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRED L. BAUMGARTNER | : | |
| | : | |
| Appellant | : | No. 735 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 2, 2022
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-SA-0000064-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRED L. BAUMGARTNER | : | |
| | : | |
| Appellant | : | No. 736 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 2, 2022
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-SA-0000065-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

:
                v.                            :
                                             :
                                             :
                                             :
    FRED L. BAUMGARTNER                      :
                                             :
            Appellant                        :        No. 737 EDA 2022

Appeal from the Judgment of Sentence Entered March 2, 2022
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-SA-0000066-2021

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                  **FILED OCTOBER 24, 2022**

Appellant, Fred L. Baumgartner, appeals from the judgment of sentence entered by the Court of Common Pleas of Pike County, which conducted a trial *de novo* on Appellant's summary appeal from guilty verdicts entered by the magisterial district judge on multiple charges filed under the Vehicle Code. After careful consideration, we vacate judgment of sentence entered on the charge of Driving While Operating Privilege Suspended or Revoked, 75 Pa.C.S. § 1543(a), and affirm all remaining convictions.

> The trial court provides a salient procedural history as follows:
>
> On September 22, 2021, following two prior continuance requests, Appellant failed to appear before a Magistrate Judge and was consequently found guilty of Failure to Report Accident to Police,[1] Driving While Operating Privilege Suspended or Revoked [*supra*], Driving Vehicle at Safe Speed,[2] and Disregard Traffic Lane (3

---

* Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3744(b).
[2] 75 Pa.C.S. § 3361.

- 2 -

Lane).[3] He then filed four Notices of Summary Appeal challenging his convictions.

On March 2, 2022, a hearing was held on Appellant's Summary Appeals before the Court of Common Pleas of Pike County, Pennsylvania, ("trial court") after which all four Summary Appeals were denied and the findings and sentence imposed by the Magistrate were affirmed. On March 8, 2022, Appellant filed a Motion for Reconsideration in each matter[, both of] which were denied by the trial court on the following day.

On March 15, 2022, the Appellant filed Notices of Appeal to the Superior Court in each matter. On March 16, 2022, the trial court ordered the Appellant to file a Concise Statement of Matters Complained of on Appeal for each matter. On March 31, 2021, the Appellant filed his Concise Statements.

. . . .

Trial Court Opinion, 5/24/22, at 1-2.[4]

In Appellant's brief, he raises and develops a challenge only to his conviction under Vehicle Code Section 1543(a), Driving While Operating Privilege Suspended or Revoked. Specifically, Appellant claims that the trial court erred in finding him guilty and affirming the magisterial district judge, as the Commonwealth failed to prove his violation of Section 1543 beyond a reasonable doubt in light of evidence that Appellant's operating privileges had been restored on April 16, 2021, the same date he allegedly drove with a suspended license.

---

[3] 75 Pa.C.S. § 3309(2).

[4] Regarding Appellant's filing of motions for reconsideration, we observe that Pa.R.Crim.P. 720(D) states "there shall be no post-sentence motion in summary case appeals following a trial de novo in the court of common pleas." The record confirms, however, that Appellant subsequently filed timely notices of appeal with this Court.

Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether the trial court committed an error of law and whether competent evidence support the findings of fact. **Commonwealth v. Ishankulov**, 275 A.2d 498, 502 (Pa. Super. 2022). "The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Parks**, 768 A.2d 1168, 1171 (Pa. Super. 2001). "An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will." **Id.** (citation omitted).

Section 1543(a) of the Motor Vehicle Code provides:

"Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction or adjudication of delinquency, be sentenced to pay a fine of $200."

75 Pa.C.S. § 1543(a).

At the March 2, 2022, hearing on Appellant's summary appeals before the trial court, the Commonwealth presented the testimony of Pennsylvania State Trooper Brian Borowicz. Trooper Borowicz testified that on April 16, 2021, he responded to a call reporting a vehicular accident had occurred on Pennsylvania State Route 309 in Pike County at approximately 5:00 p.m. N.T., 3/2/22, at 5. At the accident scene, the trooper observed a red pickup

truck had left the roadway and was positioned in the adjacent woods. N.T. at 5. There was no driver at the scene. N.T. at 6. The trooper learned from the responding tow truck driver, however, that Appellant had called for towing service. N.T. at 7.

Trooper Borowicz telephoned Appellant and gained his consent to visit his home that same day to interview him about the accident. During the interview, Appellant admitted he was driving his truck on Route 309 when he swerved off the road to avoid hitting a deer. N.T. at 8.

Still on April 16, 2021, the trooper obtained from the Pennsylvania Department of Transportation ("PennDOT") a certified record of Appellant's driving history indicating that his driver's license was suspended for a period of 18 months, effective March 26, 2021, because of a chemical test refusal occurring on March 1, 2021. N.T. at 10. When he informed Appellant about his record, Appellant claimed he did not know his license was suspended. N.T. at 10-11.

The Defense, however, admitted into the record its own copy of PennDOT's certified record of Appellant's driving history indicating that on the same date in question, April 16, 2021, PennDOT had restored Appellant's driving privileges pending the disposition of the appeal he had filed challenging his March 26, 2021, suspension. N.T. at 12-13. Appellant obtained the copy of the certified record on May 12, 2021, but the record, itself, contains a chronological listing of Appellant's driving history entries, among which is an

entry with an "Action" date of April 16, 2021, with the description, "privilege restored pending appeal Apr 16 2021." Defense Exhibit 1. [5]

Despite the defense exhibit, the trial court found Appellant guilty of, *inter alia*, violating Section 1543(a). In the trial court's Pa.R.A.P. 1925(a) opinion, it explains the basis for its decision was Appellant's admission that he was aware his driving privilege was suspended as of March 26, 2021, was driving on April 16, 2021, and was "unaware that his driving privileges were restored on the same day due to a pending appeal." Rule 1925(a) Opinion, at 4, 6.

The Commonwealth likewise embraces this finding of fact as sufficient to uphold Appellant's conviction under Section 1543(a). Specifically, the Commonwealth posits, "While it is true that on the date of the violation that is the subject of this appeal a supersedes was in place restoring the Appellant's driving privileges pending appeal, the Appellant had no knowledge at the time of the accident that his privileges had been restored." Commonwealth's Brief, at 6.

_____

[5] Critically, the April 16, 2021, entry does not indicate a specific time during April 16, 2021, on which the restoration of Appellant's operating privileges commenced. Nor is there any indication that the restoration was retroactively applied to this date. Instead the entry indicates only that Appellant's operating privileges were restored on April 16, 2021. Had the Commonwealth been able to present evidence proving beyond a reasonable doubt that Appellant drove his vehicle on April 16, 2021, prior to a specific time at which the restoration of his operating privileges commenced, our present disposition would be different.

For his part, Appellant refers to the plain language of Section 1543 and contends that the Commonwealth failed to prove beyond a reasonable doubt that he drove his truck before his operating privileges had been restored, as he had supplied uncontested proof that PennDOT had taken "action" on April 16, 2022, to restore his driving privileges pending resolution of his appeal.

At issue, therefore, is the proper interpretation of Section 1543(a). In undertaking our task, we are guided by the Statutory Construction Act, which instructs that our primary concern is ascertaining and effectuating legislative intent. 1 Pa.C.S. § 1921(a). The plain language of a statute is generally the best indicator of legislative intent. **Commonwealth v. Hall**, 80 A.3d 1204, 1211 (Pa. 2013). We do not look beyond the plain language of an unambiguous statute. **Id**.

As discussed, both the trial court and the Commonwealth construe Section 1543(a)'s proscription to apply to a person who drives after receiving notice of an operating privilege suspension and prior to *learning* of the official restoration of the privilege. The statute as written, however, provides only that a violation occurs when one drives after a license suspension commences and before the operating privilege has been restored. We interpret from this construction the clear legislative intent to proscribe driving without operating privileges. **See**, **e.g.**, **Commonwealth v. Cubilete**, 1248 EDA 2020, unpublished memorandum (Pa. Super. 2020) ("The Commonwealth has the burden of proving this offense by showing that the defendant drove a motor

vehicle on a public road while his operating privileges were suspended or suspended and then not yet restored.  *See* 75 Pa.C.S. § 1543(a).").[6]

Driving under the mistaken belief that restoration of one's operating privileges has not yet occurred, though reflecting a scofflaw state of mind, is simply not an act contemplated under the wording of the Section 1543(a). Indeed, the statute neither expresses nor implies an additional condition that a driver must be *aware* of the restoration of privileges before such privileges reattach.[7]  Instead, the statute proscribes driving only while operating privileges are actually suspended, revoked, or cancelled.  When one's privileges are restored, the proscriptions of Section 1543 no longer apply, even when one is unaware of the restoration of privileges and chooses to drive anyway.

In the case *sub judice*, Appellant presented evidence that PennDOT had, on April 16, 2022, restored his driving privileges pending the disposition of his

_____

[6]  *See* Pa.R.A.P.  126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

[7] Of course, a conviction under Section 1543(a) requires the Commonwealth to prove a defendant was aware at the time of operation, through receipt of actual notice, of the *suspension* of privileges.  Such a requirement constitutes a "judicially created element [to the statute], designed to protect a defendant's due process rights."  *Commonwealth v. Crockford*, 660 A.2d 1326, 1329 (Pa. Super. 1995).

appeal to the March 26, 2021 decision suspending his operating privileges. The trial court appears to have accepted this evidence, but it grafted an additional condition to Section 1543(a) that would expand the reach of the statutory proscription to capture persons who actually possess a restored license but drive before they learn of this fact. This was error.

Accordingly, we vacate judgment of sentence entered on the charge of Driving While Operating Privilege Suspended or Revoked, 75 Pa.C.S. § 1543(a). In all other respects, judgment of sentence is affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2022