**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JENNIFER RODRIGUEZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LASHEEM LARRY RICHARDSON | : | |
| | : | |
| Appellant | : | No. 300 MDA 2025 |

Appeal from the Order Entered February 7, 2025
In the Court of Common Pleas of Berks County Civil Division at No(s):
25 766

BEFORE:  DUBOW, J., KUNSELMAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:      **FILED: SEPTEMBER 25, 2025**

Lasheem Richardson appeals from the three-year protection from abuse (PFA) order entered protecting Jennifer Rodriguez and the parties' minor child. Richardson claims, *inter alia*, that the trial court violated his due process rights by holding a final PFA hearing without notifying him of the time of the hearing. Due to lack of notice regarding the change in hearing time, we vacate the three-year order and remand for a final PFA hearing.  Additionally, Rodriguez petitioned this Court to remove the case from oral argument.  We grant Rodriguez's petition to remove the case from oral argument.  Pending a decision on remand, **Richardson remains subject to the temporary PFA order entered January 24, 2025.**

On January 24, 2025, Rodriguez petitioned for a PFA order.  She alleged that Richardson's girlfriend, Megan Skipper, attacked her at a store and threw a rock at her and the parties' child.  Rodriguez stated that Richardson recorded

the attack and told Skipper to beat her ass. She said that Richardson and Skipper were stalking her. The trial court granted a temporary order.

The trial court scheduled a hearing on Rodriguez's petition "for the 6th day of February, 2025 at 9:00 AM" at the Berks County Courthouse. The Berks County Sheriff's Department gave Richardson a copy of the temporary order and a notice of the hearing.

On February 5, 2025, authorities announced that the Berks County Courthouse would open at 10:00 a.m. the next day due to a pending snow event. The trial court and the parties generally agree that this announcement was provided online and through news media; however, an exact statement does not appear in the reproduced record.[1]

The trial court called the case at 10:00 a.m. on February 6, 2025. Rodriguez was present; Richardson was not. At 11:15 a.m., the trial court announced that it would not "do any hearing or enter any default orders" due to the weather. Rodriguez told the trial court that Richardson and Skipper had been in a car parked outside the courthouse.

Rodriguez then testified that when she arrived at the courthouse at 9:30 a.m., she saw Richardson and Skipper double parked outside.

_____

[1] The trial court notes that the county provided "notice of the delayed start" on its website and Facebook page and to a local news station. Richardson states in his brief that the county Facebook page said that "courts will open at 10 am" but that the page did not say what would happen to hearings scheduled before 10:00 a.m. Rodriguez states in her brief that the Facebook page provided "notice of the delayed opening."

They smiled. I guess they seen me 'cause they always stalk me. So I guess they seen me I guess that's why they did that, they smiled and then they kept going.

N.T., 2/6/25, at 6.

The trial court found Rodriguez to be credible. It received additional testimony that Richardson told Skipper to throw a rock at Rodriguez and the child. The trial court entered a final order naming Rodriguez and the child as protected parties.

Richardson timely appealed. Richardson and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Richardson argues among other matters that he was deprived of due process because he never received notice that the PFA hearing was rescheduled from 9:00 a.m. to 10:00 a.m. on February 6, 2025.[2] We agree.

This Court reviews due process issues *de novo*. ***Reitz v. Flower***, 245 A.3d 723, 727 n.3 (Pa. Super. 2021). Due process establishes "the bedrock principle that each participant in the adjudicative process be given adequate notice and the opportunity to be heard." ***Commonwealth v. Parks***, 768 A.2d 1168, 1172 (Pa. Super. 2001). PFA law upholds this requirement by statute and rule. 23 Pa.C.S. § 6107(a); Pa.R.Civ.P. 1905(a).

---

[2] Rodriguez argues preliminarily that Richardson fails to develop his due process argument or cite authority. While we agree that Richardson's *pro se* brief is disorganized and cites only the federal constitution, we understand his issue and, in our discretion, decline to find waiver.

Here, the Rule 1905(a) notice of the final hearing informed Richardson that a hearing was scheduled for 9:00 a.m. on February 6, 2025. This notice, however, did not address the possibility of the courthouse being closed at the time of the scheduled hearing. It did not state that the hearing would be delayed until the courthouse opened. Nor did the official announcement describe what would happen to events scheduled before 10:00 a.m. Thus, Richardson did not have actual notice that the trial court would hear his case on a delayed basis after the courthouse opened.

The trial court and Rodriguez provide alternative lines of reasoning as to Richardson's due process issue. The trial court considered Richardson's Rule 1925(b) statement that he contacted the PFA office "shortly after opening" and was told "that my hearing was rescheduled and I would receive notice in the mail with the new date." The trial court discredited Richardson's assertion, noting that the PFA office staff was aware that "courthouse activities were *delayed*, not *cancelled*." The court explained its procedure to wait at least a half-hour—here, well over an hour—after a party fails to appear at the call of the list. It noted that Richardson never called chambers to ask about the hearing. The trial court credited Rodriguez's testimony that Richardson parked outside, saw Rodriguez, and then "kept going."

Likewise, Rodriguez argues that Richardson was aware that the hearing was scheduled at 9:00 a.m. and that the courthouse opened at 10:00 a.m. Rodriguez notes that the trial court found her testimony, that Richardson was parked outside the courthouse around 9:30 a.m., to be credible. She

compares a case in which a PFA defendant, with notice, was in the courthouse but did not enter the courtroom for the final hearing. *See Newell v. Newell*, 287 A.3d 874 (Table), 2022 WL 10224990, at *3 (Pa. Super. Oct. 18, 2022) (non-precedential decision). In *Newell*, we found no due process violation based on the trial court's determination that the defendant was familiar enough with the PFA process to have asked a member of the court staff about the hearing. *Id.* at *4. Rodriguez claims that Richardson, like the defendant in *Newell*, had actual notice of his PFA hearing and was physically present at the courthouse. She submits that Richardson had "an opportunity to be heard," and that due process does not require "an absolute right to be heard." *See Captline v. County of Allegheny*, 718 A.2d 273, 275 (Pa. 1998).

The above reasoning fails to establish that Richardson had adequate notice that the PFA hearing was rescheduled from 9:00 a.m. to 10:00 a.m. While it is undisputed that Richardson had an opportunity to be heard at 10:00 a.m., and again at 11:15 a.m., due process also requires adequate notice. *Parks*, 768 A.2d at 1172. The Rule 1905(a) notice Richardson received did not direct him to appear at either 10:00 a.m. or 11:15 a.m. Richardson's physical presence outside the courthouse at 9:30 a.m. does not show that he was aware that the trial court was hearing his case later in the day. There is no record of what, if anything, the PFA office told Richardson. Unlike the defendant in *Newell*, nothing indicates that Richardson would be independently aware of the trial court's procedures for a delayed opening. We

are constrained to conclude that Richardson did not receive adequate notice of the time of the rescheduled hearing.

We vacate the final PFA order and remand for a new final PFA hearing.[3] *See Leshko v. Leshko*, 833 A.2d 790, 792 (Pa. Super. 2003). Because Richardson did not receive adequate notice of the rescheduled hearing, **the temporary order entered January 24, 2025, shall remain in effect until it is modified or terminated by the trial court after adequate notice to Richardson and a final hearing.** *See id.*; 23 Pa.C.S. § 6107(b)(2) (requiring notice and a hearing before modifying or terminating a temporary order).

Based on our disposition of Richardson's due process issue, we do not reach the merits of his remaining arguments on appeal.

In this Court, Rodriguez filed an application to submit the case on briefs. Rodriguez filed a response in opposition. Given our remand, oral argument in this matter is not necessary. We therefore grant Rodriguez's application to submit the case on briefs and remove the case from the oral argument list. *Coulter v. Ramsden*, 94 A.3d 1080, 1090 (Pa. Super. 2014) (citing Pa.R.A.P. 2135(a)).

Case removed from oral argument. Remanded for a final PFA hearing. Jurisdiction relinquished.

---

[3] The trial court should schedule the hearing only after the record is remitted and jurisdiction is returned to the trial court. *See Commonwealth v. Harris*, 230 A.3d 1124, 1127 (Pa. Super. 2020).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 09/25/2025