J-S20007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL J. DESPORT, | : | |
| | : | |
| Appellant | : | No. 209 WDA 2018 |

Appeal from the PCRA Order February 13, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000217-2010

BEFORE: GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED JUNE 28, 2019**

Paul J. Desport ("Desport") appeals from the Order dismissing his first

Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42

Pa.C.S.A. §§ 9541-9546. Additionally, William E. Brennan, Esquire ("Attorney

Brennan"), has filed a Petition to Withdraw as counsel, and an accompanying

brief.[1] We grant Attorney Brennan's Petition to Withdraw, and affirm the

Order of the PCRA court.

---

[1] Attorney Brennan's appellate brief appears to be in the nature of a brief filed
pursuant to *Anders v. California*, 386 U.S. 738 (1967), which applies when
counsel seeks to withdraw from representation on direct appeal. When, as in
this case, counsel seeks to withdraw from representation on collateral appeal,
the dictates of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and
*Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), are
applicable. However, because an *Anders* brief provides greater protection to
a defendant, this Court may accept an *Anders* brief in lieu of a *Turner*/*Finley*
"no-merit" letter. *See Commonwealth v. Reed*, 107 A.3d 137, 139 n.5 (Pa.
Super. 2014).

In May 2011, a jury found Desport guilty of third-degree murder, tampering with or fabricating physical evidence, and false reports to law enforcement, following the beating death of Raymond Niebrzydowski ("the victim").[2] The trial court deferred sentencing and ordered a pre-sentence investigation report ("PSI"). The trial court sentenced Desport to a term of 16 to 32 years in prison for his third-degree murder conviction, a consecutive term of 2 years of probation for his tampering conviction, and a consecutive term of 1 year of probation for his false reports conviction. Desport filed a post-sentence Motion, which the trial court denied. This Court affirmed Desport's judgment of sentence on June 25, 2014, and our Supreme Court subsequently denied Desport's Petition for allowance of appeal. *See Commonwealth v. Desport*, 105 A.3d 46 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 104 A.3d 2 (Pa. 2014). Desport also filed a Petition for writ of *certiorari* with the United States Supreme Court, which was denied on June 29, 2015. *See Desport v. Pennsylvania*, 135 S. Ct. 2896 (2015).

Desport, *pro se*, filed the instant timely Petition on April 7, 2016. The PCRA court appointed Desport counsel, who filed an Amended Petition on his behalf. The Commonwealth filed an Answer. At Desport's request, the PCRA court permitted Desport's appointed counsel to withdraw, and appointed new PCRA counsel. Desport's second PCRA counsel subsequently filed a Motion for

_____

[2] *See* 18 Pa.C.S.A. §§ 2502(c), 4910(1), 4906(b)(1).

leave to withdraw and a **Turner/Finley** "no-merit" letter.  On January 19,

2017, the PCRA court granted counsel's Motion to withdraw, and issued Notice

of its intent to dismiss Desport's Petition without a hearing pursuant to

Pa.R.Crim.P. 907.  Desport filed a *pro se* Response, requesting that the PCRA

court issue a final order.  The PCRA court dismissed Desport's Petition on

February 13, 2017.  Desport filed a *pro se* Notice of Appeal on November 7,

2017,[3] and the PCRA court issued an Order directing Desport to file a Pa.R.A.P.

1925(b) concise statement of matters complained of on appeal.  On March 1,

_____

[3] Desport's *pro se* Notice of Appeal is dated November 7, 2017, but was not
entered on the docket until February 8, 2018.  Desport has not provided
evidence of the date on which he filed the Notice of Appeal with prison
authorities.  **See** Pa.R.A.P. 121(a) (concerning the prisoner mailbox rule).
However, the PCRA court acknowledges November 7, 2017, as the filing date.
**See** PCRA Court Opinion, 10/29/18, at 2.  Further, the PCRA court issued the
concise statement Order on November 21, 2017.  Although we may assume,
under these particular circumstances, that Desport filed his *pro se* Notice of
Appeal on or about November 7, 2017, his appeal is still facially untimely.
**See** Pa.R.A.P. 903(a).  In his Notice of Appeal, Desport argued that he did not
receive a copy of the Order dismissing his Petition from the PCRA court, and
was not aware that an order was entered until our Supreme Court responded
to his "Petition for Writ of Mandamus and/or Extraordinary Relief."  While the
PCRA court states that its February 13, 2017 Order was mailed to both Desport
and his counsel, our review reveals that there is no indication in either the
certified record or the public docket that service was actually effectuated.
Because we are unable to determine the date of service of the Order due to
the lack of recordation in the docket, we decline to quash Desport's appeal on
this basis.  **See** Pa.R.Crim.P. 114(C)(2)(c) (providing that criminal docket
entries must include the date of service of an order); **see also**
**Commonwealth v. Parks**, 768 A.2d 1168, 1171 (Pa. Super. 2001) (stating
that "the date of entry of an order is the date the clerk of courts enters the
order on the docket, furnishes a copy of the order to the parties, and records
the time and manner of notice on the docket." (citation omitted)).

2018, this Court entered an Order directing the PCRA court to determine whether Desport was entitled to appointment of counsel, or whether he wished to proceed *pro se*. Desport subsequently filed a Petition for Appointment of Counsel. By Order entered July 19, 2018, the PCRA court appointed Attorney Brennan as PCRA counsel, and directed Desport to file a concise statement. In lieu of filing a concise statement, Attorney Brennan indicated his intention to withdraw as counsel. On February 4, 2019, Attorney Brennan filed a Petition to Withdraw as counsel.[4]

Before addressing Desport's claims, we must determine whether Attorney Brennan complied with the requirements of **Turner**/**Finley** in petitioning to withdraw as counsel. Pursuant to **Turner**/**Finley**, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). Such independent review requires proof of:

> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The PCRA court conducting its own independent review of the record; and

_____

[4] Desport did not file a separate *pro se* brief, nor did he retain alternate counsel for this appeal.

5) The PCRA court agreeing with counsel that the petition was meritless.

*Id.* (citation and brackets omitted).

Here, Attorney Brennan indicated that he conducted a complete and extensive review of the record, identified the issues that Desport seeks to raise, and explained why the issues lack merit. In addition, Attorney Brennan sent Desport copies of the *Turner*/*Finley* Brief and Petition to Withdraw, and advised him of his rights in lieu of representation in the event that the court granted Attorney Brennan permission to withdraw, in compliance with *Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011). Thus, we conclude that Attorney Brennan has substantially complied with the requirements necessary to withdraw as counsel. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with the requirements to withdraw as counsel will satisfy the *Turner*/*Finley* criteria). We now independently review Desport's claims to ascertain whether they entitle him to relief.

In the *Turner*/*Finley* brief, Attorney Brennan presents the following issues for our review:

I. Is [a] remand for an evidentiary hearing on whether the instant appeal is timely required?

II. Did the [PCRA] court err in denying relief on the grounds that counsel was ineffective for failing to properly preserve a challenge [to] the discretionary aspects of [Desport's] sentence?

III. Did the [PCRA] court err in denying relief on the grounds that counsel was ineffective for failing to procure and present the testimony of an independent forensic pathologist to challenge the

Commonwealth's forensic pathologist regarding the nature and extent of the injuries to the victim?

***Turner*/*Finley*** Brief at 4.[5]

Desport's remaining claims challenge the effectiveness of his trial counsel. The applicable standards of review regarding the dismissal of a PCRA petition and ineffectiveness claims are as follows:

> Our standard of review of a PCRA court's [dismissal] of a petition for post[-]conviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.
>
> * * *
>
> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petition pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

In his second claim, Desport argues that trial counsel was ineffective for failing to preserve a specific challenge to the discretionary aspects of his

---

[5] As we have previously considered the timeliness of Desport's appeal, we need not address his first claim.

sentence. ***Turner***/***Finley*** Brief at 12-13. Desport claims that counsel raised merely a boilerplate allegation of excessiveness. ***Id.*** at 12.

Here, Desport argues that his sentence is unreasonable and excessive, a claim which, in itself, does not raise a substantial question. ***See Commonwealth v. Zeigler***, 112 A.3d 656, 662 (Pa. Super. 2015) (stating that "a bald excessiveness claim does not raise a substantial question."). Thus, even if trial counsel had properly preserved Desport's discretionary sentencing challenge,[6] ***see Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (setting forth the requirements for invoking this Court's jurisdiction to consider a discretionary sentencing claim), we would not need to address the merits of his claim. Nevertheless, we will briefly address Desport's sentence.

Desport's prior record score was 0. For the offense of third-degree murder, which carried an offense gravity score of 14, the Sentencing Guidelines recommend a minimum sentence of 72 months to the statutory limit, minus 12 months for the mitigated range. ***See*** 204 Pa. Code § 303.16(a); ***see also*** 18 Pa.C.S.A. § 1102(d) (providing that the *maximum* sentence for third-degree murder is 40 years in prison). The tampering

---

[6] We note the absence of a separate Pa.R.A.P. 2119(f) statement in the ***Turner***/***Finley*** Brief. However, because Attorney Brennan has filed a Petition to Withdraw and a ***Turner***/***Finley*** Brief, his failure to include a separate Rule 2119(f) statement does not preclude our review of whether Desport's claim is wholly frivolous. ***See generally Zeigler***, 112 A.3d at 661 (concluding that the absence of a Rule 2119(f) statement in an ***Anders*** brief did not preclude this Court's review of the underlying issue).

offense carried an offense gravity score of 2, and false reports carried an offense gravity score of 1. For both offenses, the Sentencing Guidelines recommend restorative sanctions. *See* 204 Pa. Code § 303.16(a). Accordingly, Desport's sentence of 16 to 32 years in prison, followed by 3 years of parole, is within the standard range of the Sentencing Guidelines, and below the statutory maximum sentence. *See Moury*, 992 A.2d at 171 (stating that "where a sentence is within the standard range of the guidelines, Pennsylvania views the sentence as appropriate under the Sentencing Code.").

During the sentencing hearing, the trial court heard testimony from Desport, and from several character witnesses who testified on Desport's behalf. *See* N.T., 9/19/11, at 4-13. The fiancé of the victim's son also presented a statement regarding the impact of the crime on her and the victim's son. *See id.* at 16-27. Additionally, the trial court stated that it had considered the following aspects of the crime in rendering its sentence: (1) Desport did not call an ambulance after the beating; (2) the extent of the beating, and the "awful" testimony by the medical examiner concerning the victim's injuries; and (3) the trial court's opinion that Desport's self-defense argument was "offensive" in light of the evidence. *See id.* at 27-28. Moreover, where, as here, the trial court had the benefit of a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135

(Pa. Super. 2009). Because our review reveals that the trial court considered the appropriate factors in imposing Desport's standard-range sentence, Desport has not established that he was prejudiced by his counsel's failure to preserve his sentencing claim. Thus, Desport is not entitled to relief on this claim.

In his third claim, Desport asserts that trial counsel "was ineffective for failing to procure and present the testimony of an independent forensic pathologist to challenge the Commonwealth's forensic pathologist regarding the nature and extent of the injuries to the victim." *Turner*/*Finley* Brief at 16.

In order to successfully challenge counsel's ineffectiveness for failing to call an expert witness, a petitioner must establish that (1) an expert witness was willing and available to testify; (2) counsel knew or should have known about such witness; and (3) the defendant was prejudiced, *i.e.*, that the uncalled witness's testimony would have been beneficial to the defense. *Commonwealth v. Williams*, 141 A.3d 440, 460 (Pa. 2016). Further, "[c]ounsel is not obligated to call a forensic expert to evaluate critically every expert presented by the prosecution; the question becomes whether counsel effectively cross-examined the Commonwealth's expert witness." *Commonwealth v. Elliott*, 80 A.3d 415, 437 (Pa. 2013).

Here, Desport has not established that an additional expert witness was willing and available to testify at his trial. *See Williams*, *supra*. Additionally, the record reflects that trial counsel cross-examined Todd Luckasevic, D.O.

("Dr. Luckasevic"), an assistant medical examiner and forensic pathologist in Allegheny County, regarding the victim's blood alcohol content and injuries. *See* N.T., 9/19/11, at 181-88. Specifically, during cross-examination, Dr. Luckasevic testified that the victim's blood alcohol content, which was 0.286, was a non-lethal level. *See id.* at 181-82. Dr. Luckasevic also testified that there were no external puncture wounds on the victim's body, and that a layperson would not be able to discern, based only on the external injuries, that the victim had suffered massive internal bleeding and internal injuries*.* *See id.* at 184, 185. Further, Dr. Luckasevic stated that flail chest, the condition in which two consecutive ribs are broken in two or more places, may not be immediately apparent, and someone with flail chest may still be able to walk around after incurring their injuries. *See id.* at 186. Because our review reveals that counsel effectively cross-examined Dr. Luckasevic, and Desport has failed to establish any other legitimate basis on which to challenge the fact that the injuries he inflicted caused the victim's death, Desport is not entitled to relief on this claim. *See Elliott*, *supra*; *see also Commonwealth v. Showers*, 782 A.2d 1010, 1021 (Pa. Super. 2001) (concluding that appellate counsel was not ineffective for failing to challenge trial counsel's effectiveness on the basis that counsel failed to present another forensic witness, because counsel exploited gaps in the testimony of the Commonwealth's witness, there was no relevant factual dispute, and an additional expert would have provided the same basis for counsel to argue the defense's position).

Finally, our independent review of the record indicates that there are no other claims of arguable merit. ***See Pitts***, 981 A.2d at 876 n.1. Accordingly, we grant Attorney Brennan's Petition to Withdraw and affirm the Order dismissing Desport's Petition.

Petition to Withdraw as counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2019