J-S61026-17

2017 PA Super 342

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RICHIE PERALTA | |
| Appellant | No. 2281 EDA 2016 |

Appeal from the Judgment of Sentence June 17, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-SA-0001577-2016

BEFORE: LAZARUS, J., RANSOM, J., and PLATT, J.[*]

OPINION BY RANSOM, J.:                    **FILED OCTOBER 31, 2017**

Appellant, Richie Peralta, appeals from the judgment of sentence of June 17, 2016, imposed after the court dismissed his *de novo* appeal for failure to appear.  We affirm.

On March 15, 2016, Appellant was stopped at the intersection of Tioga and Colon Streets in Philadelphia, Pennsylvania, due to the tinted windows of his car.  Upon running Appellant's license, the police officer discovered that Appellant's license had been suspended.  The officer wrote two traffic citations for the above violations.[1]  **See** Traffic Citations AA23374I-4 and AA233742-5.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 4524(e) and § 1543(a), respectively.

A hearing for these citations was scheduled for May 17, 2016, at 9:00 a.m. Appellant did not appear at the hearing, was found guilty *in absentia* and was fined $146.50 and $275.00, respectively.[2]  That same day, Appellant filed a notice of appeal to the Court of Common Pleas, and a trial *de novo* was scheduled for June 17, 2016.  **See** Notice of Appeal, 5/17/16.

On June 17, 2016, Appellant failed to appear for his trial *de novo,* and his appeal was dismissed.  **See** Order, 6/17/16.  Appellant retained counsel and filed an unopposed motion for reconsideration.  **See** Mot. for Recons., 6/22/16, at ¶¶ 1-6.  The motion averred that Appellant worked nine hours a day, seven days a week, and that due to his heavy workload, unrelated legal troubles, and conflict within his family, he had inadvertently missed his trial. **Id.**  The Commonwealth did not oppose the motion.  **Id.**  The court heard argument from Appellant's counsel but ultimately denied the motion.  **See** Notes of Testimony (N.T.), 6/22/16, at 3-16.

Appellant timely appealed[3] and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  The court issued a responsive opinion.

---

[2] The trial court opinion indicates that the hearing was scheduled for May 11, 2016; however, an examination of the citation indicates that the hearing was scheduled for May 17, 2016.

[3] Appellant's appeal was dismissed June 17, 2016, and he thus had thirty days to appeal.  **See** Pa.R.A.P. 903.  July 17, 2016, was a Sunday; accordingly, Appellant had until Monday, July 18, 2016, to file his appeal, which he did. **Id.**; **see also** 1 Pa.C.S. § 1908.

- 2 -

On appeal, Appellant raises the following issues for our review, which we have reordered for ease of analysis:

1. Whether or not it was an abuse of discretion for the trial court to deny relief to the Appellant, when promptly presented with his credible claim of involuntariness, and where the Commonwealth did not oppose the motion for reconsideration and argued before the trial court that it be granted, where the Appellant was *pro se* at the time of his absence, where the denial was based on the trial court's procedural rigidity?

2. Whether or not it was an error of law for the trial court to deny the Appellant a new trial after his *de novo* summary appeal was dismissed for failing to appear, where he presented a prima facie claim of involuntariness that was found to be credible.

3. Whether or not it was an error of law for the trial court to find the Appellant was absent without cause, where he failed to appear due to his inability to remember his court date cause [*sic*] stress from conflict in his home life and overwork?

4. Whether or not it was an error of law for the trial court to dismiss the Appellant's appeal under Pa.R.Crim.P. 1037(D)(2) for failing to appear prior to his *de novo* summary trial at a status/settlement conference scheduled by the Court of Common Pleas pursuant to Pa.R.Crim.P. 1037(A).

Appellant's Brief at 7.

The standard of review regarding summary conviction appeals is well-settled and is

limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence. The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion.

***Commonwealth v. Marizzaldi***, 814 A.2d 249, 251 (Pa. Super. 2002) (internal citations and quotation omitted).

- 3 -

Pennsylvania Rule of Criminal Procedure 1037(D), regulating summary appeals from decisions of the Traffic Division of the Philadelphia Municipal Court, controls. *See* Pa.R.Crim.P. 1030, 1037. With regard to summary appeals where the defendant fails to appear for a trial *de novo*,

> the Common Pleas Court judge shall dismiss the appeal and enter the judgment in the Court of Common Pleas on the judgment of the Traffic Division judge or hearing officer.

Pa.R.Crim.P. 1037(D)(2).[4] The entry of such an order constitutes a final order and no post-sentence motions are permitted. *See* Pa.R.Crim.P. 720(D).

Essentially, Appellant claims that despite the plain language of Rule 1037(D)(2), the trial court erred in dismissing his appeal without a hearing. His argument is two-fold. *See* Appellant's Brief at 18. First, Appellant acknowledges that the Rule provides that the court "shall" dismiss the appeal due to the failure to appear. *Id.* at 19. However, he suggests that the comment to Rule 462(D) should inform our interpretation and that the language of Rule 1037(D)(2) should be read permissively. *Id.* Second, Appellant contends that the court's decision does not comport with Rule 101, which provides that the rules are intended to effectuate the just determination of criminal proceedings. *Id.* at 18; Pa.R.Crim.P. 101(A).

The body of case law regarding the dismissal of summary appeals for failure to appear is solely from counties governed by Rule 462. In that regard,

---

[4] Summary appeals from traffic court cases in counties outside the First Judicial District are governed by Pa.R.Crim.P. 462(D), which provides that if the defendant fails to appear, the trial court "may" dismiss the appeal.

- 4 -

our Court has held that where an appellant's tardiness is involuntary, he should be given an opportunity to present a defense as provided by the Comment to the Rule. *See Marizzaldi*, 814 A.2d at 251-53 (citing in support the Comment to Pa.R.Crim.P. 462(D), providing that a trial judge may dismiss an appeal where the judge determines that the defendant is absent without cause).

*Marizzaldi* did not define "without cause." Because the trial court had not conducted an inquiry into the cause of the absence, we vacated the judgment of sentence and remanded. *See Marizzaldi*, 814 A.2d at 253 (finding that the appellant may have shown good cause where, through no fault of his own, he missed a bus to court). Subsequent cases have further defined this term. *See Commonwealth v. Akinsanmi*, 55 A.3d 539, 541 (Pa. Super. 2012) (finding that the appellant's absence was voluntary where she was attending a research conference instead of court and did not request a continuance); *see also Dixon*, 66 A.3d 797-98 (finding that the appellant's absence was voluntary where he ignored directions printed on his court papers and reported to the wrong location).

However, these cases are of limited utility to our analysis, as they all concern themselves with Rule 462(D), which governs all appeals from summary convictions in counties outside of Philadelphia, traffic related and otherwise. *See* Pa.R.Crim.P. 462; *see*, *e.g.*, *Commonwealth v. Mesler*, 732 A.2d 21, 25 (Pa. Commw. 1999) (involving summary appeal from conviction from unlawful taking of game or wildlife and one count of shooting

on the highways); *see also* ***Commonwealth v. Krut***, 457 A.2d 114, 115 n.2 (Pa. Super. 1983) (involving summary appeal from convictions for various motor vehicle related offenses).

In contrast, the Philadelphia Municipal Court and Philadelphia Municipal Court Traffic Division are governed by different rules. ***See*** Pa.R.Crim.P. 1001-1037. Summary appeals that do not involve motor vehicle offenses are governed by Part A; summary appeals involving motor vehicle offenses are governed by Part B. ***See*** Pa.R.Crim.P. 1002. The Traffic Division Rules were, per the Legislature, "developed . . . to accommodate the procedures Philadelphia Traffic Court implemented to address the issues in summary traffic cases unique to Philadelphia, to more efficiently handle the vast number of summary traffic cases, and to protect the defendants' rights to a fair and prompt disposition of their cases." ***See*** Comment to Pa.R.Crim.P. 1030.

The language regarding the specific Rules is equally different. Rule 462 provides that if the defendant fails to appear, the trial judge *may* dismiss the appeal. ***See*** Pa.R.Crim.P. 462(D). The use of "may" and "if" are the operative words. In counties outside of Philadelphia, the trial judge has discretion to dismiss the appeal when no cause is shown and, only if the appeal is dismissed, should the trial judge enter judgment. In contrast, Rule 1037 provides that if the defendant fails to appear, the trial judge *shall* dismiss the appeal and enter judgment. ***See*** Pa.R.Crim.P. 1037(D). The differences in Rule 462 and Rule 1037 are that in the former, the judge *may* dismiss the

appeal and in the latter the judge *shall* dismiss the appeal. Nothing in the Rules or the comments thereto convince us that Appellant's argument is valid.

Thus, we conclude that, based on the above, the trial judge did not have the discretion to consider the cause of Appellant's absence, and did not commit an abuse of discretion in dismissing the appeal. **See** Pa.R.Crim.P. 462(D), 1001-1002, 1037.

Appellant's next two claims of error are essentially the same claim. **See** Appellant's Brief at 13-18. He contends that the court erred in dismissing his appeal for failure to appear because his absence, due to forgetfulness, stress, overwork, and family problems, was involuntary. **Id.** Thus, he argues that he was not absent without cause and his appeal should not have been dismissed. **Id.** at 16-17. Due to our disposition of Appellant's previous issue, we need not address the merits of these claims.

Finally, Appellant claims that the court could not dismiss his appeal because the June 17, 2016 court date was a status hearing and not a trial *de novo*. **See** Appellant's Brief at 23-27. Appellant contends that this is not permissible under Pa.R.Crim.P. 1037. **Id.** However, Appellant did not preserve this issue in his Pa.R.A.P. 1925(b) statement and has accordingly waived it for purposes of appeal. **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005); **see also** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provision of this paragraph (b)(4) are waived.").

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/31/2017