J-A04030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHANTELLE WILLIS, | : | |
| | : | |
| Appellant. | : | No. 951 EDA 2018 |

Appeal from the Judgment of Sentence, March 26, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-SA-0000271-2018.

BEFORE: LAZARUS, J., KUNSELMAN, J., and COLINS, J.*

JUDGMENT ORDER BY KUNSELMAN, J.:          **FILED JANUARY 25, 2019**

Shantelle Willis appeals *pro se* from the judgment of sentence entered March 26, 2018. After careful review, we quash this appeal.

On November 18, 2017, the police cited Ms. Willis for driving a vehicle with invalid emission and inspection stickers, violations of the Vehicle Code, 75 Pa. C.S.A. §§4703(a) and 4706(c). Ms. Willis failed to appear in Traffic Court on January 22, 2018 and was found guilty. She appealed the decision. She was notified that she was required to attend a status conference at a specific courtroom on March 26, 2018 at 9:00 a.m. The notice indicated "YOUR APPEAL MAY BE DENIED OR DISMISSED IF YOU FAIL TO APPEAR FOR THE CONFERENCE OR TRIAL."

Ms. Willis failed to appear on March 26, 2018. The trial court entered an order indicating that based on her failure to appeal, the appeal was

_____
*Retired Senior Judge assigned to the Superior Court.

dismissed and the judgment of the Municipal Court Traffic Division was entered as the judgment in the Court of Common Pleas.

Ms. Willis appealed this decision and the trial court ordered her to file a concise statement of errors complained of on appeal pursuant to Appellate Rule 1925(b) no later than May 4, 2018. She never filed a 1925(b) statement.

When ordered by the trial court, an appellant must file a timely concise statement of errors complained of on appeal. *Hess v. Rothschild*, 925 A.2d 798, 803 (Pa. Super. 2007). We must follow the bright-line rule that "failure to comply with the court order will result in *automatic waiver* of all issues on appeal. *Greater Erie Indus. Development Corp. v. Presque Isle Downs*, Inc., 88 A.3d 222, 224 (Pa. Super. 2014) (quoting *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005)). Because Ms. Willis failed to file this statement, she waived any appellate issues.

Additionally, Ms. Willis failed to file a brief which even remotely complies with the Rules of Appellate Procedure. *See* Pa.R.A.P. 2111; 2114-2119. Instead, she provided us with documents labeled "evidence" which she alleges prove that the inspection stickers on her vehicle were valid. Appellant's Brief at 8-11 (not paginated). We are an appellate court, not a trial court. We do not accept evidence; we only review the evidence that was properly admitted before the trial court. Our rules provide that if defects in the brief are substantial, the appeal may be quashed or dismissed. Pa.R.A.P. 2101; *see also Commonwealth v. Sanford*, 445 A.2d 149 (Pa. Super. 1982).

Finally, we note that even if Ms. Willis filed a timely 1925(b) statement and a proper appellate brief, there is nothing for this Court to review on appeal because she failed to appear at the trial court. Ms. Willis had an opportunity to present the evidence she attached to her appellate brief at both the Municipal Court Traffic Division and at the trial court. She failed to appear for both of these hearings.

We have previously held that under the rules unique to Philadelphia, specifically Rule of Criminal Procedure 1037(D), the trial court *must* dismiss an appeal from the Municipal Traffic Court and enter judgment when a defendant fails to appear for a status hearing. ***Commonwealth v. Peralta***, 173 A.3d 813, 816 (Pa. Super. 2017).

Although Ms. Willis is obviously mistaken as to the role of this Court, we cannot afford her any relief. The fact that she is choosing to represent herself in this matter affords her no special privileges. ***See O'Neill v. Checker Motors Corp.***, 567 A.2d 680, 682 (Pa. Super. 1989).

In sum, because Ms. Willis failed to file a 1925(b) statement of errors complained of on appeal, failed to file a brief that complies with the Rules of Appellate Procedure, and failed to appear at the trial court for her scheduled status hearing, we are unable to address her claim that the inspection stickers were valid. Thus, we quash this appeal and remove the case from the oral argument list.

Appeal quashed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 1/25/2019*