J-A17018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WESLEY TAYLOR | : | |
| | : | |
| Appellant | : | No. 1368 EDA 2019 |

Appeal from the Order Entered April 8, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-SA-0000278-2019

BEFORE:  BOWES, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McCAFFERY, J.:                **FILED SEPTEMBER 8, 2020**

Wesley Taylor (Appellant) appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, dismissing his summary appeal, from his Philadelphia Municipal Court Traffic Division (Municipal Court) convictions.  On appeal, Appellant argues: (1) he did not waive his issues for a failure to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal; and (2) the trial court erred in dismissing his appeal for failure to appear at the April 8, 2019, status conference.  For the below reasons, we vacate the order and remand.

On April 13, 2018, while Appellant operated a vehicle, a Philadelphia police officer stopped him.  Appellant received citations at the scene for operating a vehicle following a suspended registration and operating a vehicle

without required financial responsibility.[1]  On June 15, 2018, a trial was scheduled in the Municipal Court.  A trial in Municipal Court was scheduled for November 29, 2018.  However, Appellant failed to appear and was found guilty *in absentia*.

Appellant did not initially file an appeal, but on January 8, 2019, filed a petition for leave to file a *nunc pro tunc* appeal.  On February 1, 2019, the Municipal Court granted the petition and Appellant filed a notice of summary appeal in the Court of Common Pleas.  On the notice of appeal, a preprinted form, Appellant completed the three checked sections in the upper portion, including his contact information, citation numbers, and a signature. Appellant's Notice of Appeal from Summary Conviction-Traffic, 2/1/19.

The trial court completed the lower portion containing a hearing notice, which informed Appellant he was required to appear on March 11, 2019 at 9:00 a.m.  Appellant's Notice of Appeal from Summary Conviction-Traffic. Under the title "HEARING NOTICE" appeared two lines.  *Id.*  The box next to this line was checked: "A **status or settlement conference** is scheduled as provided below."  *Id.*  Meanwhile, the box next to the second line was left blank; that line stated: "A ***de novo* trial** is scheduled as provided below.  . . ."  *Id.*  Further, the notice provided the following disclaimer: "YOUR APPEAL MAY BE DENIED OR DISMISSED IF YOU FAIL TO APPEAR FOR THE CONFERENCE OR TRIAL."  *Id.*

---

[1] 75 Pa.C.S. §§ 1371(a), 1786(f).

The trial docket indicates that on March 11, 2019, however, the trial court entered an order granting a motion for continuance, and setting the next court date as April 8, 2019.[2]  The next document in the record, after Appellant's notice of summary appeal, titled "Appeal Hearing Docket," appears to be court generated, and bears a handwritten note stating "Status 4-8-19." Appeal Hearing Docket (undated).

On appeal, Appellant avers he received a subpoena to appear for the April 8, 2019, status conference.[3]  Appellant's Brief at 1.  However, Appellant failed to appear on that date.  The trial court thus entered the underlying order, that provided: "[Appellant] having failed to appear, the appeal is dismissed, and the judgment of the Municipal Court Traffic Division is entered as the judgment of the Court of Common Pleas[.]"  Order, 4/8/19.  On April 30, 2019, Appellant filed a timely *pro se* notice of appeal to this Court.

On May 7, 2019, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement no later than May 31, 2019.  The order stated that a copy of the order was sent *via* first class mail, on May 7, 2019, to Appellant at a Philadelphia address.  Order, 5/7/19.  The corresponding docket entry stated: "AND NOW, this 7th day of May, 2019, pursuant to Pa.R.A.P. App. P. 1925(b), it is hereby ORDERED that [Appellant] shall file by no later than May 31, 2019,

_____

[2] The docket does not state which party requested a continuance, and there is no written motion in the certified record.

[3] The record does not contain a copy of the subpoena.

- 3 -

a concise statement of errors complained of on appeal." Trial Docket at 2.

The docket did not state the date nor method of service. However, the trial

opinion stated that it mailed a copy of the Rule 1925(b) order to Appellant at

the same address provided on his February 1, 2019, notice of appeal and on

the Superior Court's docketing statement. Trial Ct. Op., 9/6/19, at 2. The

court stated the order was returned with a notation that the property was

"vacant" and the post office was "unable to forward."[4] *Id.* The trial court

thus suggests all of Appellant's issues are waived. *Id.* Neither the certified

record nor trial docket indicate that Appellant filed a Rule 1925(b) statement

and, on appeal, Appellant acknowledges he did not file a 1925(b) statement.

*See* Appellant's Brief at 1.

> Appellant raises two issues for our review:
>
> [1] Did [A]ppellant waive his right to contest the [trial] court's dismissal of his appeal for failure to file a statement of matters complained of per Pa.R.A.P. 1925(b)?
>
> [2] Did the [trial] court err in dismissing [A]ppellant's appeal for failing to appear at the status conference on April 8, 2019?

Appellant's Brief at 2.[5]

First, Appellant argues he did not waive his issues by failing to submit a

Pa.R.A.P. 1925(b) statement. He avers he never received the court's order,

---

[4] On May 15, 2019, this Court mailed a docketing statement to the same address. The docketing statement was due May 29, 2019. On June 11, 2019, this Court received Appellant's late docketing statement, which lists the N. Hirst St. address as Appellant's residence.

[5] For ease of review, we have reordered the issues.

and cites the trial court's acknowledgement that the post office returned the order, undelivered, to the court.

Pennsylvania Rule of Appellate Procedure 1925 requires an appellant to file a timely concise statement of errors complained of on appeal when ordered to do so by the trial court. Pa.R.A.P. 1925(b). The Pennsylvania Supreme Court has consistently emphasized that compliance with a Rule 1925(b) order is mandatory, and that an appellant's "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised[.]" *In re Estate of Boyle*, 77 A.3d 674, 677 (Pa. Super. 2013) (citation and emphasis omitted).

Pennsylvania Rule of Criminal Procedure 114(C)(2)(c) provides: "The docket entries shall contain . . . the **date of service** of the order or court notice." Pa.R.Crim.P. 114(C)(2)(c) (emphasis added). This rule "establishes a uniform procedure for providing adequate notice of every trial court order issued during the course of criminal prosecutions." *Commonwealth v. Parks*, 768 A.2d 1168, 1172 (Pa. Super. 2001).[6] In *Parks*, the trial docket did not reflect that the Clerk of Courts furnished the appellant with a copy of the Rule 1925(b) order. *Id.* at 1171. Thus, this Court concluded the appellant's issues were not waived for failure to file a concise statement. *Id.* We reasoned: "Absent a formal docket entry detailing the manner of notice, there is nothing to suggest that [the a]ppellant's counsel was properly

---

[6] *Parks* addressed Rule 9025, the predecessor rule to current Rule 114.

provided by the Clerk of Courts, in a timely fashion, a copy of the Trial Court's order requiring him to file a Rule 1925 (b) statement." *Id.*

Additionally, in *Commonwealth v. Hess*, 810 A.2d 1249 (Pa. 2002), the trial court stated it had ordered the defendant to submit Rule 1925(b) statements; however, the defendant claimed he never received the order. *Id.* at 1251-52. On review, the Pennsylvania Supreme Court noted that although the trial docket indicated that defense counsel and the Commonwealth were served with the order, the docket sheet did not indicate the date or manner of service, in contravention of "the mandatory procedures under Rule 114." *Id.* at 1254. Thus, the Court reasoned it was "unable to ascertain the date upon which [the defendant] was purportedly served with the trial court's 1925(b) order and, therefore, [the Court] simply cannot conclude when, if ever, the [filing] period under Rule 1925(b) began to run." *Id.* The Court concluded the defendant did not waive his appellate rights. *Id.* at 1254-55.

Here, Appellant did not file a Rule 1925(b) statement. Although the face of the order stated that notice was sent, the trial docket did not reflect when notice was sent, as required by the clear language of Pa.R.Crim.P. 114. *See* Pa.R.Crim.P. 114(C)(2)(c). Pursuant to *Parks* and *Hess*, we overlook the lack of a Rule 1925(b) statement and decline to find Appellant's issues waived. *See Parks*, 768 A.2d at 1171; *Hess*, 810 A.2d at 1254.

Second, Appellant argues the trial court erred in dismissing his summary appeal for failure to appear at the scheduled status conference on April 8,

2019. He claims that Pa.R.Crim.P. 1037(D), upon which the trial court relied and which governs dismissal of appeals, applies to trials *de novo*, but does not apply to status conferences. We agree.

We note:

> Our standard of review is limited to whether the trial court committed an error of law and whether the findings of the trial court are supported by competent evidence. The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion. "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.

***Commonwealth v. Dixon***, 66 A.3d 794, 796 (Pa. Super. 2013) (citations omitted).

In this instant matter, the trial court reasoned it was proper to dismiss the case upon Appellant's absence at a status hearing. Trial Ct. Op. at 3-4. Specifically, the trial court opined:

> The notice that [Appellant] received advising him that his appeal may be dismissed if he failed to appear at the status conference is consistent with Pa.R.Crim.P. 1037(D)(2). Rule 1037(D)(2) provides that if a defendant fails to appear, "the Common Pleas Court judge **shall** dismiss the appeal and enter the judgment in the Court of Common Pleas on the judgment of the Traffic Division judge or hearing officer." (Emphasis added.) The use of the word "shall" establishes the mandatory nature of the trial court judge's obligation to dismiss the appeal when a defendant fails to appear.
> . . .

***Id.*** at 3 (some citations omitted). The trial court further reasoned it "did not have the discretion to consider the cause of [A]ppellant's absence," relying on

*Commonwealth v. Peralta*, 173 A.3d 813 (Pa. Super. 2017).[7] *Id.* at 3-4.

We disagree.

Pennsylvania Rule of Criminal Procedure 1037, which applies to

Philadelphia Municipal Traffic Division Procedures, provides:

> (A)  When a defendant appeals after the entry of a guilty plea or conviction in any Traffic Division summary proceeding, upon filing of the transcript and other papers by the Traffic Division, the Court of Common Pleas may schedule a status or settlement conference prior to the *de novo* summary trial.

> \*    \*    \*

> (D)  If the defendant fails to appear for the **trial *de novo***,

>> (2) . . . the Common Pleas Court judge **shall** dismiss the appeal and enter the judgment in the Court of Common Pleas on the judgment of the Traffic Division judge or hearing officer.

Pa.R.Crim.P. 1037(A), (D)(2) (some emphasis added).

In **Peralta**, upon which the trial court relied, the defendant was cited

for traffic violations, failed to appear at trial, and was found guilty in *absentia*.

**Peralta**, 173 A.3d at 814.  On appeal to the Court of Common Pleas, the

defendant failed to appear for a **trial *de novo***, and therefore, his appeal was

dismissed.[8]  *Id.*  On appeal, this Court affirmed, explaining the operative word

---

[7] The trial court did not address Appellant's argument that Rule 1037 and **Peralta** apply to trials *de novo*, not status conferences.

[8] On appeal, the defendant attempted to argue the proceeding "was a status hearing and not a trial *de novo*," and thus dismissal of his summary appeal was not permissible under Rule 1037.  **Peralta**, 173 A.3d at 817.  However, this Court concluded this issue was waived for failure to include it in his Rule

in Rule 1037(D)(2) is "shall," which is a directive to dismiss the case for failure to appear at a trial *de novo*. ***Id.*** at 816.

Rule 1037 and the discussion in ***Peralta*** specifically addressed the failure to appear for a trial *de novo*, and not a status conference. ***See*** Pa.R.Crim.P. 1037(D)(2); ***Peralta***, 173 A.3d at 814, 817. Here, however, the "hearing notice" portion of Appellant's notice of summary appeal, as well as the "Appeal Hearing Docket" document in the record, showed that the initial March 11, 2019, and the continued April 8, 2019, court dates were for a status conference. The trial court has not cited, and this Court has not discovered, any authority supporting the trial court's dismissal of a summary appeal for failure to appear at a status conference listing. Thus, we vacate the order and remand for the trial court to schedule a status conference or trial *de novo*.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/08/2020

_____

1925(b) statement. ***Id.*** In any event, this Court's opinion proceeded on the premise that "a trial *de novo* was scheduled for June 17, 2016," and "[o]n June 17, 2016, [the defendant] failed to appear for his trial *de novo*. ***Id.*** at 814.