J-S19013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIO G. MASLONEK | : | |
| | : | |
| Appellant | : | No. 180 WDA 2021 |

Appeal from the Judgment of Sentence Entered December 31, 2020
In the Court of Common Pleas of Westmoreland County Criminal Division at
No(s): CP-65-SA-0000240-2020

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED: August 2, 2021**

Appellant, Mario G. Maslonek, appeals *pro se* from the trial court's December 31, 2020 Order dismissing his summary appeal for failure to appear. Appellant requests that this Court forgive his failure to appear and remand for a new hearing. After careful review, we affirm.

On January 14, 2020, Appellant pleaded guilty in the magisterial district court to driving an unregistered vehicle.[1] The court imposed a penalty of $192.50. Appellant appealed his sentence to the Court of Common Pleas.

On September 28, 2020, the Westmoreland County Court of Common Pleas accepted Appellant's appeal *nunc pro tunc* and scheduled an appeal

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 1301(a).

hearing for December 31, 2020. Appellant failed to appear for this hearing on December 31, 2020. As a result, the court dismissed Appellant's appeal and "upheld" Appellant's Judgment of Sentence.

Appellant timely filed a *pro se* Notice of Appeal, and both he and the trial court complied with Pa.R.A.P. 1925. Appellant presents the following issue on appeal:

> The Defendant pleads before the Court to grant him the opportunity to be heard. Defendant would like the December 31, 2020 Order vacated and to be able to present his telephonic Motion for Reconsideration.

Appellant's Br. at 3 (unpaginated).

Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is "limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence. The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Peralta***, 173 A.3d 813, 815 (Pa. Super. 2017).

Pennsylvania Rule of Criminal Procedure 462 governs summary appeals. The rule holds that, "[i]f the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority." Pa.R.Crim.P. 462(D).

The Comment to Rule 462 explains that the "trial judge may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial *de novo.*" Pa.R.Crim.P. 462 cmt.

Therefore, before a trial court may dismiss a summary appeal for failure to appear, the court must ascertain whether the absentee defendant had cause for his absence.

As we recognized in **Commonwealth v. Dixon**, 66 A.3d 794, 796-97 (Pa. Super. 2013), the "cause" inquiry often falls to this Court to conduct in the first instance:

> The problem that arises in these types of cases is that, for a quite obvious reason, trial courts often dismiss the appeals without inquiring into whether the absentee defendant had good cause: the person who could offer cause for the absence is the absent defendant himself. In other words, there is no one present in the courtroom whom the trial judge can question regarding the reasons for the absence. Moreover, pursuant to Pa.R.Crim.P. 720(D), a defendant in a summary appeal case is not permitted to file post-sentence motions. The trial court cannot question an absent defendant regarding the cause of the absence, and the defendant cannot file post-sentence motions to explain the absence. Consequently, this Court often must address the necessary cause inquiry arising from Pa.R.Crim.P. 462 in the first instance. This is precisely the task that we face in the instant matter.

In **Dixon**, we explained that a new trial is required when: "(1) a trial court dismisses a summary appeal without considering whether the absentee defendant had cause to justify the absence; and (2) the absentee defendant presents an affidavit on appeal that (assuming the assertions delineated in the affidavit are true) presents at least a *prima facie* demonstration that cause existed for the absence, rendering that absence involuntary." **Id.** at 797 (interpreting **Commonwealth v. Marizzaldi**, 814 A.2d 249, 252-53 (Pa. Super. 2002)).

In the instant case, when Appellant filed his summary appeals, the court provided him with papers that conspicuously identified the time, date, and location of his *de novo* hearing. ***See*** Notice of Summary Appeal, dated 11/9/20; Appellant's Br. at 2-3. Appellant avers in his Brief, however, that he did not appear for his summary appeal because he went to the district magistrate's office, rather than the Court of Common Pleas listed on the hearing notice. Appellant's Br. at 2-3. Even if taken as true, Appellant's unsworn averments in his Brief are insufficient to warrant relief.

As we observed in ***Dixon***, a factually similar case, "[n]othing in Appellant's [Brief] indicates that the circumstances causing his absence were beyond his control. Appellant was aware of the time, date, and location of the hearing. Appellant . . . failed to report to the correct room, which was specified in his court papers. . . . Appellant's failure to locate the correct room for his hearing does not render his absence involuntary. Therefore, Appellant has failed in his [Brief] to set forth a *prima facie* case of involuntariness sufficient to warrant a new trial pursuant to ***Marizzaldi***." ***Dixon***, ***supra*** at 798.

Our reasoning in **Dixon** is equally applicable here. While we commiserate with Appellant's hardships,[2] we cannot grant his request for a new trial.

Judgment of Sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2021

---

[2] Appellant states that, the day before his hearing, a car hit and injured his dog. Appellant's Br. at 3. Appellant does not allege that this event caused him to miss his hearing the following day.