J-A22012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES P. BRADFORD | : | |
| | : | |
| Appellant | : | No. 530 MDA 2021 |

Appeal from the Judgment of Sentence Entered March 25, 2021
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-SA-0000056-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES P. BRADFORD | : | |
| | : | |
| Appellant | : | No. 531 MDA 2021 |

Appeal from the Judgment of Sentence Entered March 25, 2021
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-SA-0000057-2020

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:                **FILED OCTOBER 06, 2021**

Charles P. Bradford appeals *pro se* from the March 25, 2021 judgments

of sentence imposing a total of $364 in fines, costs, and fees following a *de*

*novo* summary appeal of two violations of the Motor Vehicle Code.[1]  As

_____

[1] This Court consolidated the appeals *sua sponte*.

Appellant failed to preserve any issues for appellate review and submitted a wholly defective brief, we dismiss the appeals.

On January 22, 2020, Pennsylvania State Trooper Ralph A. Hockenberry observed Appellant operating a semi-tractor trailer west-bound on the Pennsylvania Turnpike near the entrance to the Blue Mountain Tunnel. Traffic control devices displayed near the tunnel prohibited tractor-trailers and buses from operating in the left lane of travel and prohibited all vehicles from changing lanes. At approximately 7:10 a.m., Trooper Hockenberry witnessed Appellant enter the Blue Mountain Tunnel in the left lane and then change lanes once he traveled inside. Trooper Hockenberry initiated a traffic stop and cited Appellant for violating 23 Pa.C.S. § 3309(3) and (4), two subsections of the Motor Vehicle Code that relate to "[l]anes limited to specific use" and "[p]rohibitions against changing lanes," respectively. Appellant initially was convicted at the municipal court level, and following a *de novo* summary appeal on March 25, 2021, the trial court found Appellant guilty of both offenses.

These timely appeals followed. On May 3, 2021, the trial court entered orders pursuant to Pa.R.A.P. 1925(b) directing Appellant to file and serve concise statements of errors complained of on appeal in the two cases within twenty-one days. Consistent with Pa.R.CrimP.114(c), the respective dockets confirm that the orders were served on Appellant via first class mail on May 3, 2021. Nevertheless, Appellant failed to comply with Rule 1925(b).

Appellant's brief raises the following issues:

1. Does the 14th and the 9th Amendments of the Constitution of the United States apply to traffic stops of citizens[?]

    1a. If so do they apply to the whole stop or just part of the stop.

2. In the courts is a lie a lie or are there degrees of lies acceptable to the courts.

    2a. Can a police officer or State Trooper hide a lie by how one writes a citation.

3. In past decisions the courts has ruled on the 14th Amendment separate but equal clause. Does not a violation that is written into law as a title 75 but given as a Dot violation violate the courts separate but equal clause of the14th Amendment.

Appellant's brief at unnumbered 2-3.

We review a summary conviction following a *de novo* appeal for trial court error and to determine "whether the findings of fact are supported by competent evidence." ***Commonwealth v. Peralta***, 173 A.3d 813, 815 (Pa.Super. 2017)). Fundamentally, "[t]he adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion." ***Id***.

Instantly, we are constrained to dismiss this appeal due to Appellant's failure to comply with Rule 1925(b) and his submission of a wholly deficient brief. First, Appellant's failure to comply with the order directing him to comply with Rule 1925(b) warrants finding all of his issues waived pursuant to Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). While Rule 1925(c)(3) allows an appellate court to remand the

- 3 -

matter for the appointment of **new** counsel and preparation of a concise statement in criminal cases where counsel has provided *per se* ineffective assistance by failing to comply with Rule 1925, "*pro se* appellants are excluded from this exception to the waiver doctrine[.]" **See** Pa.R.A.P. 1925 Note: Subparagraph (c)(3) (emphasis added). Thus, as Appellant failed to comply with the trial court's directive pursuant to Rule 1925, the issues he raises on appeal are waived.

Furthermore, we observe that Appellant's brief is in violation of Pa.R.A.P. 2111(a)(1) (requiring a statement of jurisdiction); Pa.R.A.P. 2111(a)(3) (requiring a statement of the scope and standard of review); Pa.R.A.P. 2111(a)(5) (requiring statement of the case); and Pa.R.A.P. 2111(a)(6) (requiring a summary of argument). In addition, the brief is devoid of citations to the certified record and it lacks meaningful citation to legal authority as are required by Pa.R.A.P. 2119(c) and (b), respectively.

Moreover, the argument section of the brief is only marginally intelligible and it does not attempt to set forth a basis for relief beyond the repeated assertions that Trooper Hockenberry lied about aspects of the traffic stop and a hollow argument that the enforcement of the pertinent sections of the Motor Vehicle Code violated the 14th Amendment's equal protection clause. **See** Appellant's brief at unnumbered 12-14. Tellingly, while we can presume that Appellant challenges the propriety of the summary convictions, he neglects to state the precise relief sought as required by Pa.R.A.P. 2111(a)(9). "This

Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa.Super. 2007). In addition, Appellant did not attempt to reign in his rambling allegations by attaching a copy of the trial court's opinion to his brief as required by Pa.R.A.P. 2111(b).

Finally, we observe that Appellant's *pro se* status does not excuse these deficiencies. As we previously stated, "although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa.Super. 2017). "[A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Commonwealth v. Freeland***, 106 A.3d 768, 776 (Pa. Super. 2014) (internal quotation marks omitted).

Appellant's complete disregard for the Rules of Appellate Procedure have left this Court unable to conduct meaningful review. ***See***, ***e.g.***, ***Commonwealth v. Sanford***, 445 A.2d 149, 151 (Pa.Super. 1982) (declining to address merits of appeal because the brief was "so defective as to preclude effective, appellate review"). Accordingly, we dismiss these appeals. ***See*** Pa.R.A.P. 1911(d) ("If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal."); Pa.R.A.P. 2101

("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be . . . dismissed.").

For the foregoing reasons, we dismiss these appeals due to Appellant's non-compliance with Rule 1925(b) and his submission of a wholly defective brief.

Appeals dismissed. Case stricken from argument panel.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2021