J-S30030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| EDWARD NELSON PETERS | : | |
| Appellant | : | No. 503 MDA 2021 |

Appeal from the PCRA Order Entered March 11, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003893-2008

BEFORE:    BENDER, P.J.E., McCAFFERY, J., and COLINS, J.*

MEMORANDUM BY McCAFFERY, J.:                **FILED OCTOBER 01, 2021**

Edward Nelson Peters (Appellant) appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas dismissing his second petition filed pursuant to Post Conviction Relief Act[1] (PCRA).  While this petition was timely filed, the PCRA court found Appellant's claims were waived or previously litigated.  We agree, and conclude new claims of ineffective assistance of counsel, raised for the first time on appeal, are likewise waived.  We thus affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.  As we discuss ***infra***, Appellant filed a PCRA petition in 2010, relating to his initial sentence.  In 2020, he filed a PCRA petition, challenging the new sentence imposed following the violation of his probation and parole (VOP); we consider this petition to be his first with respect to the VOP sentence.  The instant petition is thus Appellant's second.

Appellant was charged with abusing his stepdaughter over a period of six years, beginning when she was six years old. N.T. Guilty Plea & Sentencing, 10/13/09, at 11. On October 13, 2009, Appellant entered negotiated guilty pleas to involuntary deviate sexual intercourse with a child, aggravated indecent assault of a complainant less than 13 years old, indecent assault of a person less than 13 years old, indecent exposure, corruption of minors, selling or furnishing liquor to minors, and unlawful contact with a minor.[2] On the same day, the trial court imposed the negotiated sentence, three and a half to 10 years' imprisonment, and a consecutive seven years' probation.[3]

Appellant did not file a post-sentence motion or take a direct appeal, but on June 7, 2010, filed a timely PCRA petition. The PCRA court dismissed the petition, and this Court affirmed on December 4, 2012. **Commonwealth v. Peters**, 778 MDA 2012 (unpub. memo.) (Pa. Super. Dec. 4, 2012).

Nearly seven years later, on October 29, 2019, Appellant appeared for a revocation of probation and parole hearing. The Commonwealth alleged, *inter alia*, the state parole office "received information that [Appellant] was

---

[2] 18 Pa.C.S. §§ 3123(b), 3125(a)(7), 3126(a)(7), 3127(a), 6301(a)(1), 6310.1(a), 6318(a)(1).

[3] Appellant was also ordered to comply with the-then in effect Megan's Law III provisions for lifetime registration. **See** 42 Pa. C.S. §§ 9791 to 9799.9, *expired* December 20, 2012.

with a minor child. They [went] to the residence and found [Appellant] in bed with a 2 year old child dressed only in a diaper." N.T., 10/29/19, at 3. The Commonwealth further averred Appellant "was dishonest with his state agent in regards to the relationship he was in with that woman [sic] having minor children." *Id.* at 4. Appellant's counsel advised the trial court they were not "contesting the violations," and Appellant stated he took "full responsibility for the situation that [he] put [himself] in."[4] *Id.* at 3, 8. Pertinent to Appellant's present PCRA petition, he raised no objection to the parole agents' presence in the home or detainment of him.

The trial court revoked Appellant's state probation on his aggravated indecent assault conviction and imposed a new sentence of four to 10 years' imprisonment. N.T. Revocation, 10/29/19, at 11-12. The court also revoked parole on his unlawful contact with a minor conviction, and imposed a consecutive term of seven years' probation. *Id.* at 12.

Appellant again did not file a direct appeal, but on January 16, 2020, filed a *pro se* "'Petition for Writ of Habeas Corpus to Show Cause' which the PCRA court correctly treated as a PCRA petition." *Commonwealth v. Peters*, 674 MDA 2020 (unpub. memo. at 2) (Pa. Super. Oct. 7, 2020). This petition

_____

[4] Appellant further stated, however, that the child was not in the bed when he laid down, the child's mother was also present in the bed, he "enter[ed] blindly [into] the relationship only because that is [sic] a 30 year history that [he] and this girl had," and when he "found out she was dying of cancer or brain alcohol poisoning, [he] chose not to walk away." N.T., 10/29/19, at 8-9.

averred the Dauphin County probation and parole agents lacked jurisdiction to arrest him in Perry County, furthermore the agents lacked authority or permission to enter the home to arrest him, and thus his warrantless arrest was unlawful. The PCRA court appointed counsel, who filed a "no-merit" letter and motion to withdraw.[5] The court then issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. Appellant filed a *pro se* response, asserting, for the first time, claims of ineffective assistance of VOP counsel for not challenging the alleged unlawful arrest. The PCRA court dismissed the petition without a hearing.

Appellant appealed to this Court, which affirmed on October 7, 2020. The prior panel: (1) agreed with the PCRA court that the illegal-arrest claims were waived; and furthermore (2) concluded the ineffectiveness claims were waived because Appellant raised them for the first time in a Rule 907 response, rather than in an amended PCRA petition. **Peters**, 674 MDA 2020 (unpub. memo. at 4-5).

One month thereafter, on November 9, 2020, Appellant filed the underlying *pro se* PCRA motion, presenting the same claims of VOP counsel's ineffectiveness. The petition made no mention of the PCRA's timeliness requirements.

---

[5] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 4 -

The PCRA court issued Rule 907 notice of intent to dismiss the petition without a hearing. Appellant filed a response, but the court dismissed the petition on March 11, 2021, finding all of the claims were previously litigated or waived. Memo. Op., 6/22/21, at 3. Appellant filed a notice of appeal 41 days thereafter, on April 21st. He complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

We first consider the timeliness of Appellant's notice of appeal. *See* Pa.R.A.P. 903(a) (notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); *Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (Pa. Super. 2011) ("It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte*.").

Upon review of the certified electronic appeal and trial docket, we note the following. The PCRA court's March 11, 2021, dismissal order noted that a copy was sent to Appellant at his prison address; the record includes a postal certified mail-receipt, indicating the same. Order, 3/11/21. However, the trial docket entry for this order states that a copy was mailed to Appellant's prior counsel, who was permitted to withdraw in the **prior** PCRA proceedings. Trial Docket at 18. Appellant has proceeded *pro se* throughout the instant PCRA proceedings. Meanwhile, the PCRA court's opinion states the following: (1) Appellant's notice of appeal is dated April 5, 2021; (2) "[i]t appears that Appellant sent this Notice of Appeal to the . . . Superior Court," which stamped

- 5 -

it with a date of April 16th; and (3) the PCRA court's Clerk of Courts received the notice on April 21st. Memo. Op. at 2 n.2.

Pennsylvania Rule of Criminal Procedure 114(C) requires a docket entry for an order to contain the date of service. Pa.R.Crim.P 114(C)(2)(c); **see also** Pa.R.Crim.P. 114(B)(3)(a)(i) (generally, service shall be made in writing by "personal delivery to the party's attorney **or, if unrepresented, the party**"). This rule "establishes a uniform procedure for providing adequate notice of every trial court order issued during the course of criminal prosecutions."[6] **Commonwealth v. Parks**, 768 A.2d 1168, 1172 (Pa. Super. 2001). On balance, we cannot conclude the record and trial docket satisfy the service and notation of service requirements of Rule 114. Accordingly, we decline to quash this appeal on the basis of an untimely notice of appeal.[7]

On appeal, Appellant presents the following statement of questions presented:

> Was all counsel(s) ineffective for not preserving [Appellant's] rights. Was all counsel(s) ineffective for not raising issues

---

[6] **Parks** addressed Rule 9025, the predecessor rule to current Rule 114.

[7] We note that on June 29, 2021, this Court issued a rule on Appellant to show cause why the appeal should not be quashed as untimely filed; this rule to show cause was discharged. Appellant did not file a response until later that same day, averring he mailed a notice of appeal to this Court on April 5th. Appellant did not, however, provide any receipt or other documentation showing when he gave the notice to prison authorities for mailing. **Crawford**, 17 A.3d at 1281 ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.").

throughout [Appellant's] appeal process. Was all counsel(s) ineffective for not challenging the legality of the sentence due to an unlawful arrest and subsequent violation of parole and sentencing? Was there an error when the court ruled without a haring and denying him the opportunity to amend [Appellant's] PCRA. Did court err[ ] in its opinion that [Appellant's] claims of issues were previously waived or he failed to raise such claims in his first PCRA.

Appellant's Brief at 7.

We note:

Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record."

***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

We first consider the timeliness of Appellant's instant, second PCRA petition, as the PCRA time limitations are jurisdictional. ***See Commonwealth v. Fahy***, 737 A.2d 214, 222 (Pa. 1999). Here, the VOP sentence was imposed on October 29, 2019. Appellant did not file a post-sentence motion or take a direct appeal. Thus, his judgment of sentence became final for PCRA purposes on Monday, December 2, 2019.[8] ***See*** 42 Pa.C.S. § 9545(b)(3) ("[A] judgment

---

[8] The 30th day after October 29, 2019, fell on Thanksgiving Day, November 28th, and the following day was likewise a court holiday. Appellant thus had until Monday, December 2nd, to file a notice of appeal from his VOP judgment of sentence. ***See*** 1 Pa.C.S. § 1908 (when last day of any period of time

*(Footnote Continued Next Page)*

becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P. 903(a).  Appellant then generally had one year, or until December 2, 2020, to file a PCRA petition.  *See* 42 Pa.C.S. § 9545(b)(1) ("[Any PCRA petition,] including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final.").  The underlying petition was timely filed before that deadline, on November 9, 2020.  We now review his various claims on appeal.

First, Appellant reiterates his claim that VOP counsel was ineffective for not challenging the validity of his arrest.  In support of his claim that the VOP arrest was unlawful, Appellant maintains: the agents lacked "a valid warrant for a technical parole violation;" the agents lacked reasonable suspicion and probable cause, where "an anonymous tip alone is insufficient;" furthermore, the "Dauphin County parole agents" were without jurisdiction to arrest him in "Perry County unassisted;" and the agents unlawfully entered the home — which was not his residence.  Appellant's Brief at 14, 18.

As discussed above, Appellant raised these same ineffectiveness claims in his Rule 907 response in the **prior** PCRA proceedings, and on appeal, this

_____

referred to in any statute falls on Saturday, Sunday, or legal holiday, such day shall be omitted from computation).

Court concluded they were waived for failure to request leave to file an amended petition. **Peters**, 674 MDA 2020 (unpub. memo. at 4), *citing* **Commonwealth v. Rigg**, 84 A.3d 1080 1084-85 (Pa. Super. 2014) ("[A] a petitioner must request leave to amend his petition in his Rule 907 response to raise new trial counsel ineffectiveness claims[;]" "Where the petitioner does not seek leave to amend his petition after counsel has filed a **Turner**/**Finley** no-merit letter, the PCRA court is under no obligation to address new issues."). Appellant's attempt to reassert these same claims in a new PCRA petition does not merit relief. The PCRA court did not err in denying relief on these claims. **See Barndt**, 74 A.3d at 191-92.

On appeal, Appellant further asserts VOP counsel was ineffective for failing to "to investigate the merits and validity of claims used to secure [Appellant's] arrest," and failing to file a direct appeal. Appellant's Brief at 13, 15. Appellant also claims his prior PCRA counsel, for his January 2020 petition, was ineffective for not raising claims of VOP counsel's ineffectiveness.[9] **Id.** at 16.

These claims were not raised in Appellant's present PCRA petition, and instead are presented for the first time on appeal. Accordingly, we likewise conclude these claims are waived. **See Commonwealth v. Bedell**, 954 A.2d

---

[9] We reiterate that this counsel sought, and was granted, leave to withdraw upon a **Turner**/**Finley** "no-merit" letter.

1209, 1216 (Pa. Super. 2008) (claims not raised in PCRA court are waived and cannot be raised for first time on appeal).

As none of Appellant's issues are preserved for review, we affirm the order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/01/2021