J-S06022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :                  PENNSYLVANIA
                                 :
            v.                   :
                                 :
                                 :
                                 :
ALEXANDER GARNETT                :
                                 :
          Appellant             :     No. 884 EDA 2021

Appeal from the PCRA Order Entered April 1, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0007981-2013

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 19, 2022**

Alexander Garnett appeals *pro se* from the order dismissing his Post

Conviction Relief Act ("PCRA")[1] petition without a hearing. Garnett argues his

PCRA counsel and trial counsel provided ineffective assistance. We affirm.

Garnett was convicted by a jury of first-degree murder and possession

of a firearm prohibited. **See** 18 Pa.C.S.A. §§ 2502(a) and 6105(a)(1),

respectively.  The trial court sentenced him to serve life imprisonment without

parole and a consecutive term of five to ten years. On direct appeal, this Court

affirmed the judgment of sentence. After being granted *nunc pro tunc* relief

through a PCRA petition, Garnett filed a petition for allowance of appeal to the

Supreme Court of Pennsylvania. The Supreme Court denied the petition on

March 22, 2018.

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

Garnett filed the instant PCRA petition on March 20, 2019, raising claims of trial counsel ineffectiveness, and the PCRA court appointed counsel. Counsel filed an application to withdraw and a "no merit" letter.[2] The court issued notice to Garnett of its intent to dismiss the petition without a hearing and permitted counsel to withdraw.[3] After granting Garnett several extensions to the period in which to file a response, and not receiving one before the extensions expired, the court dismissed the petition. The court thereafter received a *pro se* response from Garnett that he had mailed from prison, with a certificate of service pre-dating the deadline. Garnett's response reiterated his issues and additionally contended that his PCRA counsel was ineffective for withdrawing from representation. The court considered the response but did not rescind its dismissal of Garnett's petition. **See Commonwealth v. Bankhead**, 217 A.3d 1245, 1246 n.2 (Pa.Super. 2019) (deeming date of filing by prisoner as date on certificate of service pursuant to prisoner mailbox rule); PCRA Court Opinion, filed May 5, 2021, at 3. Garnett timely appealed.

Garnett presents the following issues:

1.) Did the PCRA Court violate [Garnett]'s Constitutional Right to Due Process of Law?

---

[2] **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007) (explaining requirements for withdraw from PCRA representation under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*)).

[3] **See** Pa.R.Crim.P. 907(1).

2.) Did the PCRA Court abuse [its] discretion when it denied [Garnett] an Evidentiary Hearing on issues of Ineffective Assistance of Counsel and Restoration of his appellate rights?

3.) Did the PCRA Court deprive [Garnett] of his sole means of obtaining collateral relief?

4.) Did appointed PCRA Counsel provide Effective Assistance?

Garnett's Br. at 2 (suggested answers omitted). We reorganize Garnett's issues in the discussion below, for the sake of clarity.

"Our standard of review from the denial of post-conviction relief 'is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error.'" ***Commonwealth v. Ligon***, 206 A.3d 515, 518 (Pa.Super. 2019) (quoting ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011)).

Garnett's issues center around allegations that his trial counsel provided ineffective assistance and his PCRA counsel was ineffective for concluding the allegations of trial counsel ineffectiveness lacked merit. Counsel is presumed effective until a petitioner has proven otherwise. ***Id.*** at 519. A petitioner will prevail on an ineffectiveness claim only where "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." ***Id.*** (quoting ***Commonwealth v. Grove***, 170 A.3d 1127, 1138 (Pa.Super. 2017)). A petitioner presenting a layered ineffectiveness claim must additionally plead and prove that subsequent

counsel was ineffective for failing to raise the ineffectiveness of the counsel who preceded him. **Commonwealth v. Montalvo**, 205 A.3d 274, 286 (Pa. 2019). The PCRA court need only hold a hearing on the allegations where the petitioner has raised genuine issues of material fact. **Commonwealth v. Ellis**, 700 A.2d 948, 960 (Pa.Super. 1997).

Garnett argues his trial counsel was ineffective for two reasons. First, Garnett claims his trial counsel was ineffective for permitting the prosecution to ask the medical examiner a hypothetical question about bullet trajectory. Garnett asserts the Commonwealth's improper questioning was an attempt to persuade the witness that the victim had turned his head towards the shooter, so as to establish that Garnett was the shooter. **See** Garnett's Br. at 7. Garnett argues that although the PCRA court found this issue had previously been litigated on direct appeal, Garnett is raising it for the first time as a matter of trial counsel's ineffectiveness, and doing so at the first opportunity, through these post-conviction proceedings. **Id.** at 6-8, 11; **see also** PCRA Pet., 3/20/19, at 8-12.

Garnett has failed to establish the questioning caused him prejudice, which is necessary to prove a claim of ineffectiveness. **See Ligon**, 206 A.3d at 519. His only mention of prejudice is an assertion at the end of his brief that he "suffered a significant prejudice as a result of trial counsel's deficient performance coupled with prosecutorial misconduct which significantly hindered [his] ability to present an adequate defense." Garnett's Br. at 10. Bald allegations of prejudice are not sufficient to establish ineffective

assistance of counsel claims. ***Commonwealth v. Paddy***, 15 A.3d 431, 443 (Pa. 2011).

Moreover, on direct appeal, Garnett raised the claim that the trial court should not have overruled defense counsel's objection to the hypothetical question. ***See Commonwealth v. Garnett***, No. 572 EDA 2015, 2016 WL 2651595, at *11 (Pa.Super. 2016) (unpublished memorandum).[4] Garnett's ineffectiveness claim therefore fails, because trial counsel cannot be found ineffective for failing to object to the admission of evidence to which counsel did, in fact, object. Likewise, his PCRA counsel was not ineffective for failing to find trial counsel ineffective on this issue.

Second, Garnett argues his trial counsel was ineffective for "permitting the Commonwealth to present evidence against him by stipulation." Garnett's Br. at 9. Garnett complains that trial counsel did not advise him of the stipulations in advance or ensure that the trial court conducted a colloquy of his waiver of his confrontation rights. ***See id.*** at 9-10.

---

[4] The prosecutor asked, "Doctor, the injuries you described, if I'm an individual and I'm the shooter, I'm holding a gun behind someone's head and the victim's head is in front of me and it is slightly turned to the left, would I see a similar result?" ***Garnett***, 2016 WL 2651595, at *11. We concluded that even if the ensuing testimony was improper – a question we did not reach – the error of admitting it was harmless, as the witness's answer to the question "was insignificant in comparison to the evidence establishing [Garnett]'s guilt." ***Id.*** at *12.

Garnett has failed to develop this claim, as he does not explain what evidence was admitted by stipulation. **See** Pa.R.A.P. 2119(c).[5] To the extent the Commonwealth and PCRA court identify the contested evidence, Garnett's issue lacks merit. Defense counsel only stipulated to the authentication of certain items of evidence – including fingerprint and DNA evidence, a business record of Facebook, Inc., and recordings of phone calls made by Garnett while in prison. Counsel did not stipulate that the evidence itself was credible or entitled to any weight. Furthermore, the PCRA court reviewed the stipulations and found no prejudice. The court explained that in each case, the Commonwealth would have called witnesses to authenticate the evidence. PCRA Ct. Op. at 4-5. We agree that Garnett has failed to plead prejudice, as he does not contest the Commonwealth's ability to prove the authenticity of any of this evidence. In addition, although "[a] colloquy ensuring a knowing and voluntary decision is required any time a defendant stipulates to evidence that virtually assures his conviction, because such a stipulation is functionally the same as a guilty plea," **see Commonwealth v. Eichinger**, 108 A.3d 821, 832 (Pa. 2014), Garnett has not asserted that any of the evidence entered by stipulation at his trial virtually assured his conviction.[6]

---

[5] Garnett's PCRA petition does not contain this information, either. **See** PCRA Pet. at 4-8.

[6] In his PCRA petition, Garnett argued, "The stipulations were sprinkled throughout the trial which gave the appearance as if [Garnett] was conceding points in the Commonwealth's case, such permissive milieu was tantamount to a guilty plea hearing without a colloquy." **See** PCRA Pet. at 7-8. His claim of a "permissive milieu" does not rise to the standard warranting relief.

Finally, in conjunction with his ineffectiveness claims, Garnett argues that he was deprived due process. Garnett's Br. at 5, 8. However, he offers no relevant authority, and does not explain how the PCRA proceedings deprived him of notice or the opportunity to be heard, or otherwise offended due process. *See Commonwealth v. Parks*, 768 A.2d 1168, 1172 (Pa.Super. 2001). We are not obligated to develop legal theories on his behalf, and conclude no relief is due. *Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa.Super. 2007) (*en banc*). We therefore affirm the order of the PCRA court denying the petition without a hearing.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 5/19/2022*